Osgood *et al. vs.* The State of Georgia.

1. Where the regular time for holding two courts in the same circuit conflict, the one being appointed for Monday and the other for Tuesday of the same week, the judge of the circuit may adjourn the latter until the following Monday by order transmitted to the clerk, under section 3243 of the Code.
2. Objection to a juror on the ground that his name does not appear in the jury box or on the jury list should be made before verdict.
3. No error of law having been committed on the trial by the court, and the evidence being sufficient to support the verdict, this court will not control the presiding judge in the exercise of his discretion in overruling the motion for a new trial on the ground that the verdict is against the decided weight of the testimony.

Criminal law. Practice in the Superior Court. Jurors. New Trial. Before Judge Tompkins. Liberty Superior Court. October Term, 1878.

To the report contained in the opinion it is only necessary to add that the three grounds of the motion for new trial insisted on were as follows :

(1.) Because defendant was tried at an illegal term of court.

(2.) Because the name of one of the jurors was not in the jury box nor on the jury list, which fact was unknown to defendant or his counsel until after verdict.

(3.) Because the verdict was contrary to law and the evidence.

J. W. Farmer ; W. W. Fraser, by brief, for plaintiffs in error.

A. B. SMITH, solicitor-general, for the state.

JACKSON, Justice.

The defendant (Raymond Osgood) was indicted for murder in the same bill of indictment with Ellen Osgood, but was tried separately and found guilty. A new trial was refused, and he excepted.

1. Three grounds are insisted on in the motion for a new trial. The first is also embraced in a motion to arrest the judgment. That ground is, that the term of the court was illegal, because the regular term of Liberty superior court, as fixed by law, is the Tuesday after the second Monday in October, which was the 15th day of the month in the year 1878, and the court was held on the next week thereafter. It appears from the record that Chatham superior court was by law required to be held on the second Monday in October, which was the 14th day of the month, and Liberty superior court on the very next day ; the judge could not hold both ; therefore, necessarily sitting in Chatham, he ordered Liberty to be adjourned over to the next Monday. If the judge or his family be sick, or other unavoidable cause arise, he may, at chambers, send an order to the clerk to adjourn over the regular term to a day in the future ; and the question here is, whether the fact that the two courts collided is unavoidable cause in the sense of the statute. Code, §§3243–4. It is clear that if the reason given by the judge does not furnish evidence of an unavoidable occurrence which rendered it almost, if not quite, out of the question that he could hold the court at the regular term, then the court was illegally held and the defendant was illegally convicted. Such is the principle ruled in other cases by this court applicable to criminal cases, and the question is no longer open with us. *Hoye vs. The State,* 39 *Ga.,* 718.

This case, we think, does not fall within that ruling. One or the other court could not reasonably be held on the

day appointed. One was to be held on the 14th, the other on the 15th of October, 1878. The judge could not hold both that week. He could not conveniently get from one to the other perhaps. Holding Chatham on Monday, unfinished business might make it necessary that he hold late at night the 14th, or continue it on the next day, so that he could not get to Liberty county and hold that court. The dilemma was unavoidable—made so by the acts of the general assembly fixing the terms of the courts so as to make the collision. He could not obey both laws. Therefore we are of the opinion that the judge had power, under the sections 3243–4 of the Code, to act in vacation, and to direct the adjournment.

2. The objection to the juror that his name was not in the box or on the list, came too late after verdict. The fact could have been as easily ascertained before as after verdict. The ordinary diligence of merely looking over the list would have ascertained the fact; but the point is settled. *Epps vs. The State,* 19 *Ga.,* 102–121, and succeeding cases on the same point.

3. It is true that a whole family was involved in the fight with deceased, and that the defendant rushed in to help his father and kindred, Code, §1796, and that the facts show a great riot, and that deceased went to the home of the father of defendant. Nevertheless the facts show that this defendant struck deceased when he was down, and that he and his sister, Ellen Osgood, both inflicted unnecessary blows upon a man prostrate and unable to defend himself; and from these blows with clubs and hoes the physician testified that the deceased died. The evidence is sufficient to support the verdict, the presiding judge committed no error of law on the trial, he is satisfied with the finding and our well-settled rule in such cases is not to control his discretion.

The case of *Ellen Osgood vs. The State* turns upon the same questions made in that of *Raymond Osgood vs. The State,* and is decided in the same way.

Judgment affirmed.