## HAYGOOD *v.* THE STATE.

1. Opprobrious words or abusive language which may, under the provisions of the code of this State (Penal Code (1910), § 103) be given in evidence as a justification for an assault or an assault and battery, are such as are used by the person assaulted or beaten, at the time of the assault, or assault and battery.

2. Upon review of the decisions in *Mitchell* v. *State*, 41 *Ga.* 527, and *Berry* v. *State*, 105 *Ga.* 683 (31 S. E. 592), this court declines to overrule them, as to the point above decided.

DECEMBER 12, 1911.

The Court of Appeals certified to the Supreme Court the following question: "In a prosecution for assault and battery, can the accused give in evidence, as a justification of the alleged assault and battery, opprobrious or abusive language written and published of him by the person upon whom he made the alleged assault and battery? In this connection counsel for the plaintiff in error requests the Court of Appeads to call the attention of the Supreme Court to the cases of *Mitchell* v. *State,* 41 *Ga.* 527, and *Berry* v. *State,* 105 *Ga.* 683, for the purpose of having the decisions in these cases reviewed and overruled."

*J. T. Hill,* for plaintiff in error.

*A. J. McDonald, solicitor,* contra.

LUMPKIN, J. The question propounded by the Court of Appeals is concluded by the decisions in *Mitchell* v. *State,* 41 *Ga.* 527 and *Berry* v. *State,* 105 *Ga.* 683 (31 S. E. 592). In the latter case the ruling made in the former was reviewed, but the members of the court were equally divided in opinion as to whether it should be overruled; and so it remained of force, as, under the statute, the concurrence of five Justices was required to overrule a decision made by three Judges prior to the increase in the number of Justices upon the Supreme bench. The request is again made to review and overrule those decisions. After consideration, we decline to overrule them as to the point now before us. The argument in their favor was clearly stated in the opinion of Mr. Justice Little in the *Berry* case. At common law opprobrious words or abusive language did not justify an assault. The legislature of this State saw fit to modify the common-law rule to some extent. Section 103 of the Penal Code of 1910 reads as follows: "On the trial of an indictment for an assault, or an assault and battery, the defendant may give in evidence to the jury any opprobrious words,

or abusive language, used by the prosecutor, or person assaulted or beaten; and such words and language may or may not amount to a justification, according to the nature and extent of the battery, all of which shall be determined by the jury." The question before us turns upon the proper construction of the expression that the defendant "may give in evidence to the jury any opprobrious words, or abusive language, used by the prosecutor, or person assaulted or beaten," upon the trial of an indictment for an assault or an assault and battery, as matter of justification, to be determined by the jury. When does the statute contemplate that such words must have been used, in order for them to be introduced in evidence as matter of justification? Only two possible constructions can be placed upon it,—either that it means words used at the time of the assault, or assault and battery, or else words used at any time whatsoever, though it may have been years before. There are no words in the section of the code from which a construction fixing a time between these two limits could be derived. The court can not say that words used a day or a week or a month before the transaction may be proved, and amount to a justification in the determination of the jury, but words used five years, ten years, or twenty years before will not do so. In Alabama a somewhat similar statute has been passed, but it authorizes proof of words used at the time of the battery or reasonably near thereto. There are no such words in our statute. If the construction is adopted that the word "used" by the person assaulted or beaten means used at the time of the assault or battery, it gives to opprobrious or abusive words at the time of the transaction a status as a part of such transaction, leaving their effect as to justification to be determined by the jury. If the other construction is adopted, it means that the legislature intended to confer upon the jury the right to declare a battery justified for any such words used at any indefinite time in the past. The language of the section quoted seems also to be more applicable to spoken words than to published libel.

Again, the general theory of the criminal law which justifies the use of force upon the person of another is for protective purposes, not for revenge, or to allow an individual to take into his own hands the punishment of past wrongs. The construction which is placed upon the statute under consideration puts it in harmony

with this general principle of criminal law, except that it recognizes that passion may be inflamed by opprobrious or abusive words used in the presence of another to such a degree that the jury may fairly treat them as in the nature of verbal acts, or as the equivalent of an assault by the person using them upon the other party, justifying a use of force by the latter not disproportioned to the circumstances of the case. To place upon the words of the statute the other construction mentioned would be to attribute to the legislature the intention of allowing each individual to avenge or punish past wrongs done to him by the use of opprobrious or abusive words, however long after they were uttered, leaving the jury to say whether he was authorized to inflict such punishment. We recognize the sense of anger, of wrong, even of outrage, which may arise from opprobrious and abusive words, or from libelous publications. But we do not think that the legislature intended to authorize each individual to punish one guilty of a past wrong so inflicted, and yet prohibit him from executing punishment or vengeance for wrongs which may be of even a graver character.

   *All the Justices concur, except Fish, C. J., disqualified.*

Atkinson and Hill, JJ., concur specially, because they are bound by the former decisions, which can not be overruled, as the necessary number of Justices do not concur in so doing, though, as an original proposition, they might hold otherwise.