## 3719. HAYGOOD v. THE STATE.

HILL, C. J. 1. In a prosecution for assault and battery the accused can not give in evidence as a justification opprobrious or abusive language written and published of him by the person upon whom he made the assault and battery. The question was concluded by the decisions of the Supreme Court in *Mitchell* v. *State,* 41 *Ga.* 527, and *Berry* v. *State,* 105 *Ga.* 683 (31 S. E. 592). In the present case this question was certified by request of counsel for plaintiff in error to the Supreme Court, in order that the decisions in the above-cited cases might be reviewed and overruled. The Supreme Court reaffirmed these decisions. *Haygood* v. *State,* 137 *Ga.* 168 (73 S. E. 81).

2. The act of the General Assembly creating the city court of Fitzgerald (Acts 1907, p. 157) was amended by the act approved August 12, 1910 (Acts 1910, p. 175), as follows: "That the court shall hold twelve terms per year, on the fourth Monday in each month, the terms convening on the fourth Monday in August, November, February, and May to be known as quarterly terms. The jurisdiction of the court shall be the same at all terms, monthly and quarterly. . . And criminal cases in which jury trial is not waived by defendant, shall be triable only at a quarterly term. For the purpose of disposing of the criminal

business of said court, the same shall always be open without regard to terms." The plaintiff in error made a written request to the judge of the court to hold a monthly term, and, at the term so held, appeared in court, made a demand for a jury trial, was tried by a jury, and was convicted. *Held:* (1) The court had jurisdiction of the case at the monthly term. (2) The accused, under the facts stated, waived his statutory right to be tried at the quarterly term and consented to be tried at the monthly term. He can not be heard, after conviction, to question the jurisdiction of the court.

3. The court, having jurisdiction of criminal cases at both quarterly and monthly terms, was authorized, by the consent of the accused, to try his case at the monthly term. The facts of the present case distinguish it from those cases in which the Supreme Court holds, in effect, that where a court has no jurisdiction of the subject-matter, jurisdiction can not be conferred by consent. The express terms of the statute give the court in the present instance jurisdiction of the subject-matter, and the terms of the trial could be properly waived. *Dean* v. *State*, 43 *Ga.* 218; *Osgood* v. *State*, 63 *Ga.* 791; *Wiggins* v. *Tyson*, 112 *Ga.* 744 (38 S. E. 86) ; *Smith* v. *Ferrario*, 105 *Ga.* 51 (31 S. E. 38) ; *State* v. *Sallade*, 111 *Ga.* 700 (36 S. E. 922).

4. The other points raised by the record, so far as the assignments of error are verified by the trial judge, are entirely without substantial merit, involve no novel questions, and have been settled by frequent decisions of this court and of the Supreme Court, and need not again be passed upon.

5. No error of law appears, and the evidence supports the verdict.

*Judgment affirmed.*

DECIDED JANUARY 15, 1912.

Accusation of assault and battery; from city court of Fitzgerald —Judge Wall. October 19, 1911.

*J. T. Hill*, for plaintiff in error.
*A. J. McDonald*, solicitor, contra.

