### 4483.  SMITH *v.* THE STATE.

POTTLE, J. 1. Where one, without lawful justification, kicks another in the stomach, and, in consequence, his intestines are ruptured and death results, a verdict finding the slayer guilty of involuntary manslaughter in the commission of an unlawful act is authorized.

2. Where a witness for the States denies ill-feeling towards the accused, it is competent for the latter to interrogate the witness with reference to a previous difficulty between them, in order to rebut the statement that no ill-feeling exists. *Sasser* v. *State*, 129 *Ga.* ·541 (6), 548 (59 S. E. 255). But where a witness for the State denies the existence of any ill-feeling towards the accused, it is generally not competent for the State to inquire into the particulars of a difficulty which the witness testified occurred between him and the accused several years before the trial. *Bishop* v. *State*, 9 *Ga.* 121; *Patman* v. *State*, 61 *Ga.* 379. The admission of such evidence was not, however, in the present case ground for a new trial, in view of the fact that the trial judge subsequently instructed the jury to disregard such testimony. ·

3. The evidence demanded the finding that the deceased came to his death as a result of the blow administered by the accused with his feet. This being true, the rule prohibiting the trial judge from expressing

or intimating an opinion as to what has been proved was not violated by instructing the jury that "a person may kill another without the use of any other weapon than his hands and feet."

4. It was not error to read to the jury the section of the code defining manslaughter, both voluntary and involuntary; nor was it error, under the facts of this case, to instruct the jury that that portion of the section relating to involuntary manslaughter in the commission of a lawful act without due caution and circumspection had no application to the case. The theory of the State was that the accused kicked the deceased, and that death resulted therefrom. The accused denied having kicked the deceased at all. If the deceased was kicked as contended for by the State, the act was unlawful, and there was no justification for it under the evidence.

5. The foregoing headnotes deal with all the questions argued in the brief of counsel for the plaintiff in error. The trial judge correctly instructed the jury with reference to the issues involved in the case. The evidence fully authorized the verdict; and there was no error requiring the grant of a new trial.                                    *Judgment* affirmed.

DECIDED DECEMBER 10, 1912.  REHEARING DENIED DECEMBER 21, 1912.

Conviction of manslaughter; from Coffee superior court—Judge Parker. October 10, 1912.

*O'Steen & Wallace, W. W. Bennett,* for plaintiff in error.

*M. D. Dickerson, solicitor-general,* contra.