24078.  WITTLE, *alias* WIDDLE, *v.* THE STATE.

DECIDED NOVEMBER 23, 1934.

Joe M. Ray, James W. Harris, for plaintiff in error.
R. A. Patterson, solicitor-general, Hooper & Hooper, contra.

GUERRY, J.  The defendant, Mrs. Fannie Wittle, was indicted for possessing whisky.  The evidence disclosed that when the sheriff of the county went to a filling station where she and her husband and thirteen-year-old boy lived, he found her and the boy in the act of breaking certain bottles of whisky.  She admitted this fact but contended that she did so because her husband who was present coerced her, and that her act was not voluntary.  Her sole defense, as developed by her statement and the testimony of the boy, was that her possession of the whisky for the purpose of breaking the bottles was under the compulsion of her husband.  Complaint is made that the court failed entirely, in the charge to the jury to cover this defense, and failed to charge section 38 of the Penal Code, which reads as follows: "A married woman, acting under the threats, command, or coercion of her husband shall not be found guilty of any crime or misdemeanor not punishable by death or perpetual imprisonment; and with this exception, the husband shall be prosecuted as principal, and, if convicted, shall receive the punishment which otherwise would have been inflicted on the wife if she had been found guilty; Provided, it appears from all the facts and circumstances of the case that violent threats, command, and coercion were used."  We are of the opinion that this assignment is well taken.  It was said in *Glaze v. State*, 2 *Ga. App.* 704 (58 S. E. 1126): "Where there

is only one defense on which a party relies, failure to instruct the jury as to this defense so specifically that the jury will not only be required to pass upon it, but will be able to do so intelligently under pertinent rules of law and evidence, practically withdraws that defense, and is, in effect, tantamount to directing a verdict."

In the case at bar this issue was raised both by the statement of the defendant and by other evidence, and it was error for the court to fail to instruct the jury with reference thereto, even without a request. If the act of the defendant in taking possession of this whisky, was not her voluntary act, but was done under the actual coercion of her husband, she should not have been found guilty. Not only was this her sole defense but there was evidence independent of her statement which was sufficient to have raised this issue for the determination of the jury, and the failure of the court to so instruct the jury was in effect a "chilling" of her defense.

*Judgment reversed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The last paragraph of section 38 of the Penal Code of 1910 is as follows: "Provided, it appears, from all the facts and circumstances of the case, that *violent* threats, command, *and* coercion were used." (Italics mine.) I do not think that it appears, from all the facts and circumstances of the case, that *violent* threats, command, *and* coercion were used on the wife by the husband. The evidence clearly shows that the wife was aiding and abetting her husband in the commission of a misdemeanor, and, since all participating in the commission of such an offense are guilty as principals, her conviction was demanded, and the failure of the judge to charge section 38 of the Penal Code was not reversible error. In my opinion the circumstantial evidence adduced excluded every reasonable hypothesis save that of the defendant's guilt.