## 31252. CAWLEY *v.* THE STATE.

DECIDED SEPTEMBER 10, 1946.

*Howard, Camp & Tiller,* for plaintiff in error.

*E. E. Andrews, Solicitor-General, J. Walter LeCraw, Durwood T. Pye,* contra.

BROYLES, C. J.   J. P. Cawley was indicted for murder, and convicted of involuntary manslaughter in the commission of an unlawful act. The indictment charged that Cawley, with malice aforethought, did murder J. L. Roberts, by striking and beating him with his hands and fists, thereby knocking Roberts down and causing his head to strike a concrete floor, thereby inflicting serious wounds and bruises upon Roberts which caused his death. The motion for a new trial, containing the general grounds and two special grounds, was overruled, and exceptions to that judgment were taken.

The jury were authorized by the uncontradicted evidence for the State (the defendant introduced none), and parts of the defendant's statement to the jury, to find the following facts: 1. Roberts' death resulted from an assault and battery made upon him by Cawley with his fists, which caused Roberts' head to strike on a concrete floor, thereby fracturing his skull; 2. Cawley had no intent to kill Roberts; 3. Cawley's assault and battery upon Roberts was an unjustified and unlawful act, in that the alleged opprobrious words applied to Cawley by Roberts were not spoken at the time of the assault and battery, but, if spoken at all, were spoken about 45 minutes prior thereto. "The opprobrious words or abusive language which may, under the provisions of our Code [§ 26-1409], be given in evidence as a justification for an assault,

or an assault and battery, are such as are used by the person assaulted or beaten, to the accused, at the time of the assault or assault and battery." *Berry* v. *State,* 105 *Ga.* 683 (2) (31 S. E. 592); *Haygood* v. *State,* 137 *Ga.* 168 (73 S. E. 81). It follows that the verdict was authorized by the evidence.

The following excerpt from the charge is assigned as error: "Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an unlawful manner. So much of that definition as applies to this case is that portion of the same that refers to the killing of a human being, without any intention to do so, in the commission of an unlawful act." The defendant contends that, under the evidence and the defendant's statement to the jury, the offense of involuntary manslaughter in the commission of a lawful act, without due caution and circumspection, was involved; and that the court erred in failing to instruct the jury upon that branch of involuntary manslaughter, and in eliminating by its charge that question from the consideration of the jury. We can not agree with that contention. Under the undisputed evidence, the assault and battery made by Cawley upon the deceased was an unlawful act, and the offense of involuntary manslaughter in the commission of a lawful act, without due caution and circumspection, was not involved.

"It was not error to read to the jury the section of the Code [§ 26-1006] defining manslaughter, both voluntary and involuntary; nor was it error, under the facts of this case, to instruct the jury that that portion of the section relating to involuntary manslaughter in the commission of a lawful act, without due caution and circumspection, had no application to the case." *Smith* v. *State,* 12 *Ga. App.* 13 (4) (76 S. E. 647). Furthermore, the theory of the defense that the deceased used opprobrious words to the defendant at the *time* of the assault and battery is raised *solely* by the defendant's statement to the jury; the evidence clearly showing that such words, if used at all, were spoken about 45 minutes prior to the assault and battery. It is never a lawful act to commit an assault and battery because of *past* opprobrious words; and the court is not required to charge on a theory presented solely by the defendant's statement to the jury, in the

absence of a proper request therefor. *Alexander* v. *State,* 66 *Ga., App.* 708 (6) (19 S. E. 2d, 353). In the instant case, no such request was presented to the judge. The same excerpt from the charge is assigned as error, because it "amounted to an expression of an opinion by the court that the act of the defendant in committing the assault and battery was unlawful."

As heretofore stated, the uncontradicted evidence demanded a finding that the assault and battery was an unlawful act by the defendant, and therefore the offense of involuntary manslaughter in the commission of a lawful act, without due caution and circumspection, was not involved, and the charge of the court was not error for any reason assigned.

The denial of a new trial was not error.

*Judgment affirmed. MacIntyre and Gardner, JJ., concur.*