44511. JACOBS v. THE STATE.

SUBMITTED JUNE 2, 1969—DECIDED SEPTEMBER 3, 1969.

*Margaret Hopkins, James R. Venable, H. G. McBrayer, Jr.,* for appellant.

*Richard Bell, District Attorney, Leonard W. Rhodes,* for appellee.

QUILLIAN, Judge. ■ The appellant contends that the trial judge erred in failing to grant a mistrial because of the admission of certain testimony which he insists placed the defendant's character in issue. The appellant's contention is without merit because evidence of the same import was admitted without objection. *Kell v. Hunter*, 84 Ga. App. 792 (3) (67 SE2d 597).

■ The second enumeration of error contends it was error to admit State exhibits 1, 2 and 3 consisting of a coat, shirt and tee shirt because they were not properly identified. Bernice Wimberly testified that the defendant had taken off the clothing and left the articles at her home. This enumeration of error is without merit.

■ The appellant argues that the defendant's written statement which he gave the police should not have been admitted. The defendant was advised of his constitutional rights and the admission of the statement was not error.

■ The fourth enumeration of error complains that it was error for the judge to instruct the jury in regard to involuntary manslaughter because it was not adjusted to the evidence. There was evidence that deceased was killed while the defendant was in the commission of an unlawful act, namely rendering her a beating about the head and face. *Smith v. State*, 12 Ga. App. 13 (1, 4) (76 SE 647), and *Wyrick v. State*, 96 Ga. App. 847 (102 SE2d 53). See *Davis v. State*, 93 Ga. App. 253 (3) (91 SE2d 316).

■ In the absence of a request, the court did not err in failing to charge the jury the provisions of *Code* § 26-404 in regard to misfortune or accident. The theory of accident was presented only in the defendant's statement. *Eich v. State*, 169 Ga. 425 (5) (150 SE 579).

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*