## 45034. TURPIN v. THE STATE.

PANNELL, Judge. 1. The principal State's witness against the defendant charged with child molestation (Ga. L. 1953, Nov. Sess., pp. 408, 409) was 8½ years old at the time of the trial and on examination by the court to determine her competency to testify stated that she knew what it meant to tell a lie, and that she was supposed to tell the truth and that if she didn't tell the truth she would get a spanking, that she was prepared to tell the truth and that it was not nice to tell a lie, that she understood that what she must tell at the trial must be the truth, that her mother told her what to testify and that she would testify as to what her mother told her to say, and when asked what her mother told her to say, she answered: "Tell the truth." The trial court held the witness competent and permitted her testimony over the defendant's objections. The examination was a sufficient examination to determine whether the child understood the nature of an oath as required by Code § 38-1607. *Berry v. State,* 9 Ga. App. 868 (2) (72 SE 433); *Miller v. State,* 109 Ga. 512 (35 SE 152); *Gordon v. State,* 186 Ga. 615 (1) (198 SE 678); *Jones v. State,* 219 Ga. 245, 246 (132 SE2d 648).

2. It is not error in the absence of a request to fail to charge the provision of Code § 26-201 that there must be in every crime a union or joint operation of act and intention or criminal negligence, nor in the absence of a request to fail to charge the provisions of Code § 26-202 that intention may

be manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused, where the court fully charges on the essential elements of the crime with which the defendant is charged, including the necessity of the intent, and the nature of the intent, with which the act of molestation is committed. See *Tucker v. State,* 94 Ga. App. 468 (4) (95 SE2d 296); *McLendon v. State,* 14 Ga. App. 737 (3) (82 SE 317).

3. The evidence was sufficient to authorize a verdict and no error appearing, the judgment is affirmed.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

SUBMITTED JANUARY 9, 1970—DECIDED MARCH 2, 1970.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellant.
*Reid Merritt, District Attorney,* for appellee.