48805, 48806. WHIGHAM v. THE STATE (two cases).

STOLZ, Judge.

The defendants appeal from their convictions of aggravated assault and the sentence placing them with the Department of Corrections for one year. *Held:*

1. Uncontroverted evidence showed that Homer Davis and the Whigham sisters, Betty (17) and Dorothy Jessie (23), were neighbors; that the younger Whigham sister, Betty, and a group of her girl friends had been out riding and came into the house to watch television; that

Davis followed the group of girls into the house through the front door. The older sister, Dorothy Jessie, who rented the house, had no trouble evicting Davis from the house upon her arrival from a neighbor's house. Dorothy Jessie went to get the two defendants, her brothers, to spend the night in the house because, as she testified, "a lot of boys is around the house and one of them went in the house and someone was trying to get in the house." When hearing this, the two defendants asked, "For what?" Dorothy Jessie replied, "I don't know, you know how these fast girls is." Later on cross examination, Dorothy Jessie referred to the girls, including her sister, Betty, as "fast girls."

There is considerable conflict in the evidence surrounding the events immediately preceding the shooting. The state's evidence showed that J. H. Whigham shot Davis, then a tussle between Davis and Whigham began. The defendants claimed that the shot was fired after the tussle between Davis and defendant Thomas Whigham. Davis was not on the Whigham property when the tussle occurred and did not seek out the Whigham brothers. There is no evidence of any size disparity between Davis and either defendant, to say nothing of both brothers. There is no evidence that Davis had a weapon of any kind or that he had gained any advantage in the struggle with Thomas Whigham that would have justified the intervention of defendant John Henry (J. H.) Whigham with a firearm. Indeed, neither defendant's evidence shows any action based on justification. The trial judge's charge, on justification, was a beneficial gratuity to which the defendants were not entitled under the evidence.

2. Error is also enumerated on the court's failure, without request, to charge on the law of misfortune or accident (Code Ann. § 26-602) and the law of intention (Code Ann. § 26-605). We have no citation of authority requiring the giving of Code Ann. § 26-605 since its enactment as a part of the Criminal Code of Georgia (Ga. L. 1968, pp. 1249, 1269). Under former law (Code Ann. §§ 26-201, 26-202) which dealt with the same subject-matter, this court has repeatedly held that the trial court was not required to give these sections in charge in the absence

of a timely written request where the court charges on the essential elements of the crime with which the defendant is charged, including the necessity of intent, with which the crime is committed. *Turpin v. State,* 121 Ga. App. 294 (2) (173 SE2d 455) and cits. The same rule is applied to Code Ann. § 26-404. See *Jacobs v. State,* 120 Ga. App. 247, 248 (170 SE2d 36) and cit. Here, the trial judge charged that "a crime is a violation of a statute of this state in which there shall be a union of joint operation or act and *intention*" (emphasis supplied), and went on to define the offenses of aggravated assault, simple battery and simple assault.

The transcript of the trial shows that whatever wrong or trespass Davis may have committed by entering or remaining in the Whigham residence, had ended. He had gone to his home, then returned to the basketball court, and was there, minding his own business, when the two defendants, with their sister, Betty, sought him out and confronted him. The jury had the benefit of the defendants' and their witnesses' version of the occurrence that followed, but chose to believe otherwise.

*Judgment affirmed. Bell, C. J., Hall, P. J., Eberhardt, P. J., Quillian and Clark, JJ., concur. Pannell, Deen and Evans, JJ., dissent.*

Submitted January 15, 1974 — Decided March 13, 1974.

*Albert G. Ingram,* for appellants.
*Richard E. Allen, District Attorney, J. Bacheller Flythe,* for appellee.

Deen, Judge, dissenting.

The majority opinion holds that since the evidence demands a finding no justification on the part of the defendants could exist the court's charge on justification was "a gratuity" and any errors therein are irrelevant. I disagree on both grounds.

Regardless of the testimony on the trial, the facts known to the defendants at the time of the shooting were, according to the evidence, only that they had been called by the sisters to spend the night with them because a

group of men were around the house, Davis had forced his way in once, and they were afraid of another attempt. The sisters were aged 17 and 23 and lived alone. The house was apparently closely adjacent to a playground. When the Whigham brothers arrived, after talking to the sisters, they went up to Davis, who was on the basketball court. The defendants' version of what occurred (which is what must be considered in determining whether there is any evidence to support a charge on justification) was that Thomas Whigham asked Davis why he had tried to break into his sisters' house; Davis swung at him; one of the sisters screamed to John Henry Whigham to break it up; John Henry joined the melee; Davis swung at him; John Henry had a pistol which fired once (whether by accident or design) and wounded Davis.

"A charge is proper if there is any evidence authorizing it." *Joyce v. City of Dalton,* 73 Ga. App. 209 (2) (36 SE2d 104).

There was some evidence to show that the Whigham brothers went to remonstrate with Davis to deter him from returning to the sisters' house; that Davis attacked Thomas and John Henry went to his defense; that John Henry drew his pistol but it was inadvertently fired during the melee. The court failed to charge that under Code Ann. § 26-902 (a) a defense of justification exists where one reasonably believes force is necessary to defend oneself *or a third person* against the imminent use of unlawful force. The instructions as given on the defense of justification left out the applicability of such defense under such circumstances as one brother going to the aid of the other. This was involved under some of the evidence.

The instructions also omitted to instruct the jury that if they found in favor of the defense of justification they should acquit. This is reversible error. *Witt v. State,* 231 Ga. 4 (200 SE2d 112).

There being some evidence to support justification in defense of another, justification as a defense was properly included in the instructions; it was inadequately given, and its effect was not stated. I therefore would reverse.

I am authorized to state that Judges Pannell and

Evans concur in this dissent.

EVANS, Judge, dissenting.

I concur in the dissent by Judge Deen, and add the following: The defendant, John Henry Whigham, sworn as a witness in his own behalf, testified: "but he almost knocked me down so I stepped in there and tried to break them up *and the gun went off.*" There was no testimony from this witness from which it could be concluded that the pistol was drawn, or held in defendant's hand. Where there is sworn evidence from which a jury could conclude that the shooting is the result of an accident, a charge on "accident" is demanded, even without a request therefor. See Code Ann. § 26-602; *Coleman v. State,* 208 Ga. 511 (1) (67 SE2d 578). There are many cases in both the Supreme Court and Court of Appeals which hold that where defense of accident is raised only by defendant's *unsworn statement,* no charge on accident is required without a written request therefor. But here, the defendant delivered sworn testimony raising the defense of accident.