## 55349. HARRIS v. THE STATE.

SMITH, Judge.

Where a criminal defendant bases his defense solely on misfortune or accident, is the trial court required to charge on this defense even absent a request to do so? Answering affirmatively, we must reverse the appellant's burglary conviction and grant him a new trial.

Code § 26-602 provides: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, or intention, or criminal negligence." Without detailing the evidence in this case, we note that the parties essentially agree that the appellant relied solely upon the misfortune or accident defense, that there was no request to charge on this defense, and that no charge was given. The disagreement here concerns whether such a charge was required absent a request.

*Henderson v. State,* 141 Ga. App. 430 (233 SE2d 505) (1977), relied upon by the appellant, held that a failure to charge on mistake, when mistake was the defendant's

sole defense and excuse, was reversible error even though no request for charge had been made. In support of its holding, the opinion in *Henderson* cited three cases: *Glaze v. State,* 2 Ga. App. 704 (58 SE 1126) (1907); *Wittle v. State,* 50 Ga. App. 170 (177 SE 356) (1934); and *McRoy v. State,* 131 Ga. App. 307 (205 SE2d 445) (1974). In *Glaze,* this court reviewed Supreme Court cases dealing with the duty to charge on a defendant's defenses and concluded: "It seems to have been uniformly held by the Supreme Court that the omission to submit the controlling issue in the case to the jury was such an error as demanded the grant of a new trial. And such issue must be submitted with such appropriate instructions as will not only call the attention of the jury to the existence of the issue, but the charge of the court must contain such clear, apt, and definite exposition of the specific principles of law applicable to the case as will enable the jury to deal with the real issue in the case and properly decide it. And this is true whether a specific request be made or not. Where there is only *one* defense on which a party relies, to fail to instruct the jury as to this defense so specifically that the jury will be not only required to pass upon it, but will be able to do so intelligently under pertinent rules of law and evidence, virtually withdraws that defense, and is, in effect, to direct a verdict." *Glaze v. State,* 2 Ga. App. 704, 708-709. The *McRoy* and *Wittle* cases, supra, both restate the holding of *Glaze,* and the three cases together cite many other cases standing for this same proposition of law.

On the other hand, *Whigham v. State,* 131 Ga. App. 261 (205 SE2d 467) (1974), relied upon by the state, holds that in the absence of a request, a charge on the law of misfortune or accident was not required. First, *Whigham* does not state that the defense was solely relied upon by the appellant, though a fair reading of the facts reported in the opinion indicates that it was. Second, and more importantly, *Whigham* states no applicable authority for its holding, which holding stands in contrast to an unbroken line of case law discussed above. The cases cited in *Whigham, Turpin v. State,* 121 Ga. App. 294 (173 SE2d 455) (1970), and *Jacobs v. State,* 120 Ga. App. 247 (170 SE2d 36) (1969), do not support *Whigham's* broad

statement of the law. *Turpin* held merely that, where the intent element is otherwise fully charged, "It is not error in the absence of a request to fail to charge the provision of Code § 26-201 [now, Code § 26-601] that there must be in every crime a union or joint operation of act and intention or criminal negligence, nor in the absence of a request to fail to charge the provisions of Code § 26-202 [now, Code §§ 26-603, 26-604, 26-605] that intention may be manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused. . ." *Turpin v. State,* 121 Ga. App. 294-295. The other case, *Jacobs,* supra, held simply that a charge on misfortune or accident was not required absent request when the theory of accident was presented only in the defendant's statement. It is not clear whether "defendant's statement" refers to a statement the defendant made to police, which was admitted in evidence against him, or to an unsworn statement made at trial under the former provisions of Code § 38-415. Either way, *Jacobs* is obviously a case where the misfortune or accident theory was not the sole defense, or elsewhere the theory was not supported by the evidence, and *Jacobs* therefore does not conflict with the long line of case law exemplified by the holding in *Glaze v. State,* supra. And it is manifest that, insofar as the holding in *Whigham v. State,* supra, conflicts with *Glaze* and similar cases, it was incorrect, and those portions of *Whigham* so conflicting are hereby expressly overruled. The rule that misfortune or accident must be charged, even without request, when the evidence supports the defense, is unambiguously stated in *Coleman v. State,* 208 Ga. 511 (67 SE2d 578) (1951), and *Conoly v. State,* 10 Ga. App. 822 (74 SE 285) (1912).

Therefore, the trial court erred in failing to charge on the appellant's sole defense of misfortune or accident. We disagree with the appellant's contention that the evidence altogether failed to support the verdict, so a new trial, rather than a directed verdict of acquittal, will be required.

*Judgment reversed. Bell, C. J., Deen, P. J., Quillian, P. J., Webb, McMurray, Shulman, Banke and Birdsong, JJ., concur.*

SUBMITTED FEBRUARY 2, 1978 — DECIDED APRIL 13, 1978.

*Howe & Sutton, Richard C. Sutton,* for appellant.
*John T. Perren, District Attorney,* for appellee.