56383. KEY v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted, by a jury, of the offense of armed robbery. At trial, he rejected the assistance of appointed counsel, although the trial court requested that counsel remain present throughout the trial in the event that appellant changed his mind, and appellant did in fact confer with counsel during the trial. Appellant raises twenty-three alleged errors. *Held:*

1. Appellant contends that the trial court erred in

failing to grant his "Petition for Transcript of Testimony at Preliminary Hearing." The record reveals that a transcript of the preliminary proceedings was at the time neither requested nor prepared, although an unofficial and garbled tape recording of the hearing was made available to the appellant, who never utilized it. Furthermore, "[t]here is no requirement that an appellant be furnished with an abstract of any evidence at a committal hearing [cit.] or a transcript of the evidence taken in a hearing by a court of inquiry. [Cit.]" *Chenault v. State,* 234 Ga. 216, 221 (3) (215 SE2d 223). No error appearing on the record, this enumeration is without merit. *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299).

2. Appellant's "Petition for Writ of Discovery" was in fact granted. As to additional arguments raised in enumerated error no. 2: " 'Enumerations of error cannot be enlarged by means of statements in brief of counsel to include issues not made in the former.' [Cits.]" *Leniston v. Bonfiglio,* 138 Ga. App. 151, 153 (226 SE2d 1). Enumeration of error no. 2 is without merit.

3. Appellant contends in enumerated error no. 3 that the trial court erred in failing to grant his "Motion to Suppress the 'Photograph Line-up Identification' and the 'In-Court Identification' based upon the 'Photograph Line-up Identification.' " Contrary to the appellant's contention, "there is no right to have counsel present when an identifying photograph is taken." *Dodd v. State,* 236 Ga. 572, 574 (224 SE2d 408). Moreover, the photographic identification procedures were not impermissibly suggestive under the "totality of the circumstances" test. *Heyward v. State,* 236 Ga. 526 (224 SE2d 383). Enumerated error no. 3 is without merit.

4. At trial, appellant moved for a directed verdict on the ground that there had been no arraignment and no plea entered. However, the record clearly shows appellant's knowledge of the indictment and the entering of a plea of not guilty, the only formal prerequisites to arraignment. *Clark v. State,* 138 Ga. App. 266 (7) (226 SE2d 89). Enumerated error no. 4 is without merit.

5. Enumerated error nos. 5, 8, and 15 relate to the allegedly improper injection of character in issue. The transcript reveals that the appellant questioned the

witness, a detective, concerning the course of his investigation and the witness responded, without objection: "I was conducting an investigation and found out that there had been some more armed robberies throughout surrounding counties. . ." This statement did not inject appellant's character in issue. *Ogles v. State,* 238 Ga. 716 (235 SE2d 384). Furthermore, no reversible error exists when, as here, the objectionable testimony "was not elicited improperly by the state but by the defendant. [Cits.]" *Lunsford v. State,* 145 Ga. App. 446, 448 (243 SE2d 655). Enumerated error nos. 5, 8, and 15 are without merit.

6. The indictment alleged that appellant committed the offense of armed robbery on January 20, 1977, the date on which the evidence adduced at trial established that the offense for which appellant was convicted was in fact committed. No variance having been shown between the allegata and the probata, the appellant's contention that the trial court erred in failing to grant, sua sponte, a continuance, is without merit.

7. "The scope of cross examination lies largely within the discretion of the trial court. It will not be disturbed by this court unless it has been shown that there has been an abuse of that discretion. [Cits.] The right to a thorough and sifting cross examination is not abridged by the action of the judge in confining it to matters that are in some manner relevant to the issues of the case on trial. [Cits.] *Allanson v. State,* 144 Ga. App. 450, 454 (241 SE2d 314). In addition, the trial judge is vested with broad discretion in controlling the business of the court, and appellate courts should never interfere with the exercise of that discretion unless it is made to appear that wrong or oppression has resulted from its abuse. *Kellar v. State,* 226 Ga. 432 (4) (175 SE2d 654). No abuse is shown in the trial court's regulation of appellant's cross examination, and enumerated error nos. 7 and 11 are without merit.

8. Appellant contends that the evidence failed to establish a material element of the offense charged, to wit: the use of an offensive weapon. See Code Ann. § 26-1901. The evidence adduced at trial amply supported the jury's finding that a pistol was used in the commission of the offense charged. Enumerated error no. 9 is without

merit.

9. The archaic "unsworn statement" law was abolished by Ga. L. 1973, pp. 292, 293 and replaced by Code Ann. § 27-405. See Code Ann. § 38-415. Although the trial court nevertheless permitted the appellant to testify while not under oath, it did not err in instructing the appellant to confine his statement to relevant matters and refrain from argument. *Burke v. State,* 76 Ga. App. 612 (19) (47 SE2d 116).

10. Enumerated error nos. 12, 13, 16, 17, 18, 19, and 20 relate to the giving of, or the failure of the trial court to give, certain jury instructions. The record discloses that appellant made neither request to charge nor objection to the charges given; however, the General Assembly has decided that objections to the charge of the court are not required in criminal cases. Code Ann. § 70-207 (a). See *Thomas v. State,* 234 Ga. 615 (216 SE2d 859). Nevertheless, we have reviewed the charge as given and find that it was appropriate and correct. A charge on attempt or lesser included offenses was not required absent a request *(Jackson v. State,* 239 Ga. 40 (235 SE2d 477)), or any evidence of either attempt or included offense. *Jordan v. State,* 239 Ga. 526 (238 SE2d 69). The charge on alibi was substantially similar to a charge approved by the Supreme Court in *Little v. State,* 238 Ga. 122 (231 SE2d 750), and was not burden-shifting. Finally, Code Ann. § 70-207 does not relieve the criminal defendant of ". . . the necessity of *requesting* instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. [Cits.]" (Emphasis supplied.) *Hardin v. State,* 141 Ga. App. 115, 117 (232 SE2d 631). There is no merit in these enumerations.

11. In mid-trial, the appellant sought to subpoena a witness for the purpose of establishing that he, the appellant, had not consented to having his photograph taken, although there is no right to refuse to submit to the taking of a photograph. *Meriwether v. State,* 63 Ga. App. 667 (11 SE2d 816). See *Creamer v. State,* 229 Ga. 511 (192 SE2d 350). Nevertheless, the appellant failed to comply with the proper procedures for the issuance of a subpoena.

See Code Ann. §§ 27-414, 27-415. The trial court's refusal to grant a continuance, under these circumstances, was not an abuse of discretion. *Wellons v. State,* 144 Ga. App. 218 (2) (240 SE2d 768). Enumerated error no. 14 is without merit.

12. "[T]his court is bound by the 'any evidence' rule, and must accept the state's version of the evidence, as was done by the jury and the trial judge." *Franklin v. State,* 136 Ga. App. 47, 48 (1) (220 SE2d 60). The evidence supported the verdict, and the trial court did not err in refusing to grant appellant's motion for judgment nov. Enumeration of error no. 21 is without merit.

13. Prior to trial, the state provided the appellant with a list of prior convictions, complete with case numbers and jurisdictions in which sentenced. The requirements of Code Ann. § 27-2503 were satisfied, and the trial court did not err in considering this evidence in aggravation of punishment. Enumeration of error no. 22 is without merit.

14. "The burden is always on the [party]... asserting error to show it affirmatively by the record. [Cits.] Further, injury resulting from such error must also be shown. [Cits.]" *McKenzey v. State,* 127 Ga. App. 304 (1) (193 SE2d 226). In addition, "[t]here is a presumption in favor of the regularity and legality of all proceedings in the superior court. [Cits.]" *Touchton v. Stewart,* 229 Ga. 303 (190 SE2d 912). See Code Ann. § 38-114; *Wilson v. State,* 145 Ga. App. 33 (1) (243 SE2d 304). No reversible error having been shown, the trial court did not err in refusing to grant appellant's motion for new trial. Enumeration of error no. 23 is without merit.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 12, 1978 — REHEARING DENIED OCTOBER 30, 1978.

Robert Pierce Key, *pro se.*

M. Randall Peek, *District Attorney, Michael M. Sheffield, Assistant District Attorney,* for appellee.