## 66479. JOHNSON v. THE STATE.

POPE, Judge.

Mattie Jean Johnson was charged and convicted of voluntary manslaughter in the shooting death of Johnny B. Clayton. Johnson was sentenced to serve fifteen years. She appeals, enumerating five errors.

The evidence, taken in a light most favorable to the verdict, shows the following. On August 2, 1982 Johnson and the victim had been playing cards together for one dollar stakes. Johnson had won some $4.00 from the victim. The two proceeded to a bar known as Monroe's Place. Several other people were present in the bar. Once inside, Johnson accused the victim of taking a dollar from her purse; the victim denied it, saying he had no money. Johnson stated she wanted her money, and reached into the victim's pocket and snatched a dollar out. Saying nobody messed with his pockets, the victim then assaulted Johnson with his fists. The two fell fighting into a booth; they separated, with the victim first moving away and then turning and punching Johnson again. The victim again drew away, and Johnson reached into her purse and got her gun and fired in the direction of the victim. The victim grabbed a bar stool and started toward Johnson, but was fatally wounded by a shot to the head. The victim also suffered a wound to the left shoulder. In all, five shots were fired. Johnson's sole defense was justification, self-defense.

1. In light of the evidence adduced as shown by the facts set out above, we find that there was sufficient evidence to enable any rational trier of fact to find Johnson guilty of voluntary manslaughter beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC

2781, 61 LE2d 560) (1979); *Baldwin v. State,* 153 Ga. App. 35 (264 SE2d 528) (1980). Therefore, it follows, based on the general grounds, that the trial court did not err in denying Johnson's motions for directed verdict and new trial.

2. Johnson argues that the prosecutor made improper remarks during his closing argument to the jury. However, no objection was made at trial. An objection may not be raised for the first time on appeal where no objection was made during the trial to argument of counsel. *McAllister v. State,* 231 Ga. 368 (1) (202 SE2d 54) (1973). Accordingly, this enumeration presents no question for review.

3. Johnson also argues that the court erred in not specifically charging the jury that she was under no obligation to retreat. No request on retreat, written or oral, was made for such a charge. Rather, after the trial court's charge to the jury, counsel for Johnson objected to the failure of the trial court to include specific reference to retreat in the charge. We find no error. This court has previously rejected giving a charge on retreat in circumstances similar to those in the present case, calling such a charge "argumentative." *Colson v. State,* 138 Ga. App. 366 (9) (226 SE2d 154) (1976). In *Colson,* the defendant was charged with murder, pled self-defense, and was convicted of voluntary manslaughter. "The . . . facts show[ed] that the deceased had threatened to kill the defendant and had approached [the defendant's] residence in a violent and turbulent manner, cursing him and keeping his hand in his pocket. On the day of the stabbing . . . defendant had reason to have a knife. . . . The deceased charged into the home where the defendant was present." *Colson,* supra at 366. "The court did not err in refusing to charge that a person claiming the right of self-defense is not required to retreat or consider whether he could retreat safely. This charge is argumentative and more favorable to the defendant and should not have been given in the charge." *Colson,* supra at 368. See also *Scott v. State,* 141 Ga. App. 848 (2) (234 SE2d 685) (1977). Applying the rule in *Colson* to the facts of the present case where Johnson was not at home, but rather in a bar with several other people present, we find no error in the court's refusal to charge on retreat.

The dissent would hold that it is necessary for the trial court in these circumstances to charge on the principle of retreat. The problem would be what the court should charge. The dissent appears to say that in these circumstances, the court should charge that if the defendant is without fault, and claims self-defense, there is no obligation to retreat. This is not a complete statement of the law. OCGA § 16-3-21 (a) (Code Ann. § 26-902) states: "A person is justified in threatening or using force against another when and to the extent that he reasonably believes that such threat or force is

necessary to defend himself . . . against such other's imminent use of unlawful force; however, a person is justified in using force which is intended or likely to cause death or great bodily harm only if he reasonably believes that such force is necessary to . . . prevent the commission of a forcible felony." This code section requires that a person's claim of self-defense be judged by the standard of the reasonable man. *Anderson v. State,* 245 Ga. 619 (1) (266 SE2d 221) (1980). It is for the jury to determine whether, under the circumstances, the defendant claiming self-defense acted under the fears of a reasonable man. *Moore v. State,* 228 Ga. 662 (6) (187 SE2d 277) (1972). Thus, the jury must judge all of the defendant's conduct under the reasonable man standard, including whether it was reasonable for the defendant to retreat or not.

The primary case relied upon by appellant holds no differently. In *Glover v. State,* 105 Ga. 597 (2) (31 SE 584) (1898), the court stated it was not error to refuse to charge as follows: " 'If the defendant was where he had a legal right to be, and the deceased made an attack upon him with a deadly weapon, the defendant was under no obligation to retreat, but had a legal right to defend himself against such attack, so far as was necessary to accomplish his defense.' " *Glover* at 598. "The request to charge . . . was too broad." Id. Rather, the court said that the trial court could charge that the defendant was under no obligation to retreat, if the charge also included all the qualifications then embodied in the justification statutes. Likewise, under the current code, the trial court could have charged that there was no obligation to retreat if the jury found that, under the circumstances, a reasonable man would not have retreated.

While we agree with the dissent that where the defendant relies upon a single defense it is error for the trial court not to charge upon it, we do not find that the trial court committed that error here. The defense was justification, particularly self-defense. The court charged upon it. The jury was fully and correctly charged on the law of justification as set out in OCGA § 16-3-21 (a) (Code Ann. § 26-902). The court charged the jury that the burden was always on the state to prove each element of the crime beyond a reasonable doubt, and that the burden never shifted to the defendant to prove her innocence. We believe the charge, as given, gave the jury sufficient guidance to consider the reasonableness of the defendant's actions so that the jury could properly evaluate the self-defense theory advanced by the defendant. Therefore, the present case falls neither within the rule set out in *Glaze* and *Harris,* infra, nor the exceptions set out in *Hardin* and *Key,* infra, upon which the dissent rests.

In any event, under the circumstances of the present case, though the trial court could have charged specifically as to retreat,

failure to do so was, at most, harmless error. To paraphrase the court in *DeBerry v. State,* 241 Ga. 204 (2) (243 SE2d 864) (1978), a charge on retreat under these circumstances would have done no more than point out what was already clear in this charge, that if the jury believed that Johnson acted as would a reasonable man under the circumstances in employing force and the force used was reasonably calculated to prevent great bodily harm or death to Johnson, the killing would be justified. In finding Johnson guilty of voluntary manslaughter, the jury decided that she had not acted as would the reasonable man under the circumstances.

*Judgment affirmed. Deen, P. J., Banke and Carley, JJ., concur. McMurray, P. J., concurs in the judgment only. Shulman, C. J., Quillian, P. J., Birdsong and Sognier, JJ., dissent.*

DECIDED DECEMBER 5, 1983 —

*Thomas L. Kirbo III,* for appellant.
*H. Lamar Cole, District Attorney, James B. Thagard, Assistant District Attorney,* for appellee.

QUILLIAN, Presiding Judge, dissenting.
Self-defense is an affirmative defense. "If an affirmative defense is raised by the evidence, including the defendants' own statements, the trial court must present the affirmative defense to the jury as part of the case in its charge, even absent a request." *Booker v. State,* 247 Ga. 74 (274 SE2d 334). The issue of self-defense was raised by the testimony of the defendant in this case and it was the only defense raised. "Where there is only one defense on which a party relies, *to fail to instruct the jury as to this defense so specifically* that *the jury will be not only required to pass upon it, but will be able to do so intelligently under pertinent rules of law and evidence,* virtually withdraws that defense, and *is, in effect, to direct a verdict." Glaze v. State,* 2 Ga. App. 704, 709 (58 SE 1126). The critical requirements imposed on a trial court when faced with a "sole defense" are: (1) the court must instruct fully on the issue, even without a request, and (2) must also charge all "pertinent rules of law" so that the jury can "intelligently" decide the issue. Id.

The issue of retreat was raised by the state in its cross-examination of the defendant and the jury was incapable of making an "intelligent" decision on the sole defense of "self-defense" without deciding whether the defendant was required to retreat

before she could successfully assert self-defense. There is very little law on this issue in appellate decisions of this State. The controlling authority on this issue is found in *Glover v. State,* 105 Ga. 597 (31 SE 584), in which the court held that "one who is himself free from fault may, *without retreating,* use whatever force is necessary to protect himself from a felonious assault, even to taking the life of his assailant, and be justifiable." (Emphasis supplied), 105 Ga. at 598. Hence, where a party is in a place where she has a right to be, as in the instant case, and her testimony shows she is without fault and is not the aggressor, she is entitled to a charge that she is not required to retreat before she would be justified in using force which is likely to cause death or great bodily harm if she reasonably believes such force is necessary to prevent death or great bodily injury to herself. See OCGA § 16-3-21 (a) (Code Ann. § 26-902).

Accordingly, I concur with the dissent, but I would also find that the jury was incapable of making an intelligent decision on the sole defense of self-defense, without a charge on whether the defendant was required to retreat before she could assert that defense — because that issue was raised by the evidence. I find no waiver because of the failure to request the charge in writing because "Code Ann. § 70-207 [now OCGA § 5-5-24] does not relieve the criminal defendant of '. . . the necessity of *requesting* instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.' " *Key v. State,* 147 Ga. App. 800, 803 (10) (250 SE2d 527); accord: *Hardin v. State,* 141 Ga. App. 115, 117 (232 SE2d 631); *Spear v. State,* 230 Ga. 74 (1) (195 SE2d 397); *Aldridge v. State,* 236 Ga. 773, 776 (225 SE2d 421). Clearly, the failure to give the necessary law in charge on the right of the defendant not to retreat before utilizing self-defense force which is likely to cause death or great bodily harm was clearly harmful and erroneous as a matter of law because it failed to provide the jury with proper guidelines for determining the guilt or innocence of the defendant. We can assert this previous rule without question, because this court could not assess the effect of this allegation of error without stating and discussing the law on the right to assert self-defense without retreating. If an appellate court must research and find and discuss the proper charge as to this issue, a fortiori a jury should be charged as to that same issue which was necessary before they could arrive at a proper decision on the sole defense.

I am authorized to state that Chief Judge Shulman and Judge Birdsong join me in this dissent.

SOGNIER, Judge, dissenting.

I respectfully dissent. The sole issue for determination by the jury in this case was whether appellant was acting in self-defense when she shot the victim. During cross-examination of appellant and again during closing argument, the prosecuting attorney made an issue of the fact that appellant could have gone out the door to escape from the victim but she did not do so. Thus, the prosecution placed in issue the question of whether appellant had a duty to retreat.

The trial court gave a minimal charge on self-defense in the language of OCGA § 16-3-21 (a) (Code Ann. § 26-902). Thereafter, when the court asked for objections or exceptions to the charge, appellant objected to the charge on self-defense because the court did not inform the jury that "there is no duty for a person to run since this was brought out during the testimony and arguments." The objection was overruled because appellant did not make a written request for such a charge.

In regard to written requests to charge, this court has held that "though present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases . . . this does not relieve him from the necessity of requesting instructions *except* in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Hardin v. State,* 141 Ga. App. 115, 116-117 (2) (232 SE2d 631) (1977); *Key v. State,* 147 Ga. App. 800, 803 (1) (250 SE2d 527) (1978). (Emphasis supplied.) Further, it is well settled that a trial court must charge on controlling issues in a case even though not requested to do so. *Glaze v. State,* 2 Ga. App. 704 (2) (58 SE 1126) (1907); *Coleman v. State,* 208 Ga. 511 (1) (67 SE2d 578) (1951); *Harris v. State,* 145 Ga. App. 675, 676 (244 SE2d 620) (1978). In *Glaze* and *Harris* we stated: "Where there is only *one* defense on which a party relies, to fail to instruct the jury as to this defense so specifically that the jury will be not only required to pass upon it, but will be able to do so intelligently under pertinent rules of law and evidence, virtually withdraws that defense, and is, in effect, to direct a verdict." *Glaze,* supra at 709; *Harris,* supra at 676. Thus, it is my opinion that no written request was required in this case as it falls within the exception set forth in *Hardin* and *Key,* supra. Further, it was incumbent upon the court to instruct on appellant's duty to retreat *vis a vis* self-defense even without a request to do so, for it was the only defense relied on by appellant and was the controlling issue in the case. *Glaze, Coleman, Harris,* supra. Without such a charge, the jury would have no guidelines to follow in determining appellant's guilt or innocence. That such a charge would

be proper was enunciated by our Supreme Court in *Glover v. State,* 105 Ga. 597, 599 (2) (31 SE 584) (1898), the *only* Georgia case dealing with the principle of a duty to retreat *vis a vis* self-defense. In that case the court held that it would be proper to instruct the jury that *if the accused was not at fault* he was under no duty to retreat.

The cases relied on by the majority merely hold that the charges requested on a duty to retreat were properly denied because they were argumentative or covered facts not in issue. The cases did *not* hold that such a charge would be improper under any circumstances.

Applying the principles set forth in *Glover, Glaze* and *Harris,* supra, to the facts of the instant case, I believe it was incumbent on the trial court to instruct the court properly on appellant's duty to retreat under the circumstances of this case, even absent a request to do so. Therefore, I would reverse on the ground that the jury was not provided with adequate or proper guidelines to determine appellant's guilt or innocence.