## 51077. BROGDON v. THE STATE.

PANNELL, Presiding Judge.

Appellant pled guilty to the offense of receiving stolen property on October 28, 1974. He was sentenced to five years to be served on probation. A hearing was held April 25, 1975, pursuant to a petition for revocation of probation. The court ordered that two years of the probated sentence be revoked for violation of the terms of the order of probation.

1. The evidence was sufficient to support the judgment of revocation.

2. Appellant alleges error in the court's considering evidence of a "hearsay nature." He fails to point to any evidence which he contends to be hearsay. Further, no objection was made at the hearing to any hearsay evidence. We are unable to determine to which evidence appellant refers. Accordingly, this enumeration of error is considered abandoned.

3. Error is urged in the trial court's consideration of evidence contained in an order of probation which was not properly signed by the judge. This enumeration of error is without merit. The sentence was entered and signed by the judge on October 28, 1974. It stated that the defendant could serve the five year sentence on probation provided "that said defendant complies with the provisions of the Order of Probation this date entered, *which Order is by reference made a part of this sentence.*" (Emphasis supplied.) In that the order was made a part of the sentence by reference, and in that said sentence was signed by the judge, this was sufficient.

4. The petition for revocation stated that appellant had violated his terms of probation by violating rules numbered 3 and 4. These rules were as follows: (3) Avoid persons or places of disreputable or harmful character; (4) Report to probation-parole supervisor as directed and permit supervisor to visit him at home or elsewhere. The judge's order of revocation stated that the terms of the

probation were violated by appellant's failure to report and failure to pay the fine as specified.

Appellant argues that it was error for the court to consider his failure to pay the fine as a basis for revocation in that he was not given notice of such charge. If it was error for the court to consider appellant's failure to pay the fine, it was harmless. The judge found that appellant had violated the terms of the order of probation in failing to report as ordered. This authorized the revocation of probation. See Code § 27-2713.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED OCTOBER 10, 1975.

*Boatright & Boatright, J. Laddie Boatright,* for appellant.

*Vickers Nugent, District Attorney,* for appellee.