## 51710. COX v. THE STATE.

CLARK, Judge.

Defendant was convicted of the felony grade of theft by conversion and appeals. *Held:*

1. Defendant's first enumeration contends that the evidence was insufficient to support the felony verdict in that the value of the goods taken was not shown to exceed $100. The state proved that defendant, while employed as manager of a Majik Market store, allowed his friends to take certain merchandise, for which he received drugs and money. An employee of the store testified that he saw defendant give away 20 cases of beer, 14 cartons of cigarettes, and numerous other items. The area supervisor of Majik Market stated that $150 worth of merchandise was recovered from the residence of one of the recipients. This evidence sufficiently showed the value of the goods to be in excess of $100. Accordingly, this enumeration is without merit.

2. Defendant enumerates error upon the admission in evidence of a photograph depicting the items recovered from the apartment of Sandra McCarty. Defendant contends the evidence was insufficient to show that the recovered items were among those taken from the store. We disagree. State's witnesses testified that a co-

defendant took some of the misappropriated goods to a party at McCarty's apartment. The items recovered from this apartment the following day were the same as those which the evidence showed had previously been taken from the store. The identity of the articles was thus properly established.

3. Defendant's remaining enumeration asserts error in the trial judge's failure to give the following requested instruction: "I charge you that it is an affirmative defense to prosecution for the offense charged if the defendant took property exposed for sale, intending to purchase and pay for it promptly." The language of the requested charge is substantially identical to the affirmative defense provision of Code § 26-1810 (c) upon which defendant relied at trial. In advancing his "claim of right" under this Code section, defendant testified that he had allowed the property to be taken from the store with the intention of paying for the goods on payday of the following week. He asserted that he kept a record of the goods taken, which he valued at $60 to $70. In addition, a money order signed by defendant in the sum of $66 and payable to the store was introduced in evidence.

It is clear that defendant's testimony was sufficient to create an issue of fact as to the affirmative defense provided by Code § 26-1810 (c). The court's failure to charge this section, which formed the basis of defendant's sole defense, effectively removed this issue from the jury's determination. This was, of course, detrimental to defendant and cannot be said to constitute harmless error. " 'An instruction which, while stating the nature of the charge or of the evidence against the accused, omits to charge the jury as to the defense set up by him is error, unless the defense upon which the accused relies is properly submitted to the jury in other parts of the charge.'[Cit.] Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will not only be required to pass upon it, but will be enabled to do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial." *Thompson v. State,* 16 Ga. App. 832, 833

(84 SE 591); *Nix v. State,* 135 Ga. App. 672, 674 (219 SE2d 6). Accordingly, defendant is entitled to a new trial.
*Judgment reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 13, 1976 — DECIDED FEBRUARY 26, 1976.

*Hayes & Hammack, Arnold Hammack,* for appellant.
*William S. Lee, District Attorney, Dan MacDougald, III, Assistant District Attorney,* for appellee.