## 52130. SANDERS v. THE STATE.

PANNELL, Presiding Judge.

The defendant was convicted of theft by taking. He appeals the judgment of conviction.

1. Defense counsel attempted to introduce into evidence a newspaper article. This article contained a description of the suspect sought in the crime with which the defendant was charged. The state objected to this evidence as hearsay, and the trial judge sustained the objection. The author of the article had previously testified that all his information concerning the crime had come from the Moultrie Police Department and that he had no personal knowledge of the facts. Thus, the value of the evidence sought to be introduced rested mainly on the veracity and competency of other persons. "Hearsay evidence is that which does not derive its value solely from the credit of the witness, but rests mainly on the veracity and competency of other persons. The very nature of the evidence shows its weakness, and it is admitted only in specified cases from necessity." Code § 38-301.

The newspaper article was hearsay evidence and did

not come under any exception to the hearsay rule. The trial judge properly excluded it from the evidence in the case.

2. The defendant requested that the court give the following charge: "The fact that there is some evidence that the defendant admitted taking the rings, but no evidence showing that he admitted taking the rings from Cranford Jewelry Store, such evidence is to be considered only as an incriminatory admission, and is not to be considered a confession by the defendant." The trial judge did not give the requested charge, but charged as follows: "Now, Members of the Jury, *I leave it to you to determine whether or not there has been any admission made by the Accused* in this case. Now, *an admission, as applied to a criminal case, is not a confession,* but is a statement by the Defendant of a fact, or facts, pertinent to the issue, and tending, in connection with other facts or circumstances, to prove the guilt or innocence of the Accused, but which, of itself, is not enough to authorize a conviction, and if you believe any admission was made by the Defendant, in this case, and that any such admission was freely and voluntarily made, without the hope of any benefit, or any fear of injury, as to any fact or facts tending to illustrate the Defendant's guilt or innocence, then you are authorized to consider the same, in connection with and in the light of any other facts bearing upon the guilt or innocence of the Accused, and from all the evidence determine the guilt or innocence of the Defendant. All admissions should be scanned with care and received with great caution. An admission, uncorroborated by other evidence, is not sufficient to justify a conviction." (Emphasis supplied.)

The trial judge did not give any charge on confessions; he fully charged the law of admissions. We believe the charge which was given by the trial judge was more beneficial to the defendant than that which he requested. We find no error in the court's failure to give the exact charge requested by the defendant.

3. Appellant urges error in the court's failing to charge the jury that they "may believe admissions or incriminatory statements in whole or in part, believing that which they find to be true and rejecting that which

they find to be untrue." The defendant made no written request for the above charge and made no objection to the court's failure to so charge during the trial of the case. "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74, 75 (195 SE2d 397). Compare *Thomas v. State,* 234 Ga. 615 (216 SE2d 859). The omission to give the above charge was not clearly harmful and erroneous as a matter of law; accordingly, this enumeration of error is without merit.

*Judgment affirmed. Marshall and McMurray, JJ., concur.*

SUBMITTED MAY 4, 1976 — DECIDED MAY 24, 1976.

*Emory M. Hiers,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.