### 53164. HARDIN v. THE STATE.

MARSHALL, Judge.

Appellant Hardin was indicted, tried, and convicted of four separate counts of theft by receiving stolen property. He was sentenced to serve four years on each conviction, to be served consecutively.

The facts reflect that four victims owned Chevrolet automobiles, three of the autos being Corvette models. During the fall of 1973, each victim suffered the loss of his vehicle by theft. Later each victim identified his vehicle as having been stripped of parts and abandoned by the thief near or in a lake in the vicinity of Cartersville. Each

victim also identified parts taken from his vehicle as being among those found in the possession of appellant Hardin or found on Hardin's automobile. The evidence further indicates that appellant Hardin was found in possession of all the stolen automobile parts at one time as the result of an uncontested search and seizure. Hardin was not otherwise connected to the theft of the automobiles or their parts. Hardin appeals the convictions and sentences and enumerates 13 alleged errors. *Held:*

1. The first two enumerations of error assert that the evidence was insufficient to sustain the convictions. Though Hardin denied knowing the goods were stolen, he admitted purchasing the parts from two persons, unidentified except for name, and for a fractional part of true value, at 12:30 a.m. Questions of reasonableness are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding unless the verdict of guilty is unsupportable as a matter of law. Though the verdict in this case was not demanded, the jury was authorized under the evidence to find the appellant guilty. *Harris v. State,* 236 Ga. 242, 245 (223 SE2d 643); *Workman v. State,* 137 Ga. App. 746 (224 SE2d 757). These enumerations of error are without merit.

2. Enumerations of error numbered 6 through 13 all deal with allegedly erroneous instructions, or the failure in one case to give a particular unrequested instruction. We have carefully scrutinized the charge of the court on the law in this case and find that in all respects the charge was appropriate to the issues, stated correct principles of law and adequately informed the jury of the legal guidelines necessary to decide the issues before it. It is not necessary in considering a charge to assume a possible adverse construction, but a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required. *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). Furthermore, though present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases

to preserve an issue on the giving or the failure to give instructions to the jury (Ga. L. 1963, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence. *Thomas v. State,* 234 Ga. 615 (216 SE2d 859). See also *Aldridge v. State,* 236 Ga. 773, 776 (225 SE2d 421); *Sanders v. State,* 138 Ga. App. 774, 776 (227 SE2d 504). No such error occurred in this case.

3. The fifth enumeration of error contends that it was error for the jury to impose punishment in this case. This trial was held on May 8, 1974. As of that date it was constitutionally permissible for the jury to impose punishment following conviction of a non-capital felony. Ga. L. 1919, p. 387; 1950, pp. 352, 354; 1964, pp. 483, 484 (Code Ann. § 27-2502); *Johnson v. State,* 169 Ga. 814 (152 SE 76). Though Code Ann. § 27-2502 was changed on March 20, 1974, to provide for sentencing in such cases by the trial judge (Ga. L. 1974, p. 352), the effective date of that statute was not until July 1, 1974, a date after the trial of this case. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583). There was no error where the jury imposed a sentence within its power and within the limitations imposed by statute.

4. Enumerations of error 3 and 4 are considered more meritorious. These complain that it was error to render consecutive sentences. Though appellant was indicted on four separate indictments alleging theft by receiving identifiable personal property stolen from four separate victims on four different occasions, the evidence did not indicate that Hardin was privy to the individual larcenies or that he received the property on different occasions. All that the evidence showed was that Hardin was in possession of the property at one time. The only other evidence before the jury was that Hardin obtained all the property at one time.

"While it is true that the stealing from different owners, at different times, however slight the interval, constitutes several offenses, a larceny of several articles may be committed by the same act so as to constitute but

one offense, though they are the property of different owners. . . And so with respect to receiving or concealing stolen property. Many articles stolen at different times from several persons may be received and concealed by the same act, and then there is but one offense." Smith v. State, 59 Ohio St. 350 (52 NE 826, 827). See *Brogdon v. State,* 136 Ga. App. 121 (220 SE2d 471); *Breland v. State,* 135 Ga. App. 478, 479 (218 SE2d 153).

Under the facts of this case, there was but one offense of theft by receiving stolen property made out by the evidence. Therefore, the trial court erred in imposing consecutive sentences based upon the four indictments.

5. The verdict and judgment of guilt of theft by receiving stolen property is affirmed. But that portion of the verdict and judgment imposing sentence is reversed. The case is remanded to the trial court for reconsideration of an appropriate sentence in accordance with the dictates of this opinion.

*Judgment affirmed in part; reversed in part. Deen, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 5, 1977 — DECIDED JANUARY 27, 1977.

*Ben Lancaster,* for appellant.
*Charles Crawford, District Attorney, T. Joseph Campbell, Assistant District Attorney,* for appellee.