### 67955. WALLIS v. THE STATE.

McMURRAY, Chief Judge.

Defendant was convicted of burglary and sentenced to serve 20 years (ten to serve in confinement and ten on probation). From a denial of his motion for new trial, defendant appeals. *Held*:

1. Defendant asserts the general grounds. In this regard, the evidence revealed that on the day of the alleged burglary (September 18, 1980), defendant was positively identified as being the person who was seen on the door steps to the front door of the burglary victim's house. On this same date, it was further revealed that defendant pawned a pistol which was later identified as being the one stolen from the burglary victim's house. Under these circumstances, "the evidence was sufficient to enable any rational trier of fact to find defendant guilty of burglary beyond a reasonable doubt. [Cit.]" *Harris v. State*, 165 Ga. App. 186, 187 (299 SE2d 393). See also *Lee v. State*,

247 Ga. 411, 412 (6) (276 SE2d 590); *Crawford v. State*, 245 Ga. 89, 90 (1) (263 SE2d 131).

2. Defendant contends that by failing to object to certain stipulated testimony being read into evidence, his counsel's assistance was ineffective. The stipulated testimony provides, in pertinent part, as follows: "That he [officer Brasseaux] took the right index finger that was recorded on the pawn ticket, labeled State's Exhibit No. 3, and compared it with the known fingerprints *on file at the Columbus Police Department* of the defendant, and in his professional opinion it is the same individual, in other words, they matched, the fingerprint on State's Exhibit No. 3 matched with the known fingerprints of John Wallis [defendant]." (Emphasis supplied.) Defendant argues that there was no reason for the stipulated testimony referring to "[defendant's] fingerprints on file at the Columbus Police Department," since it had already been admitted that defendant was in possession of the pawned pistol, and that he had signed his name and affixed his fingerprints to the pawn ticket. As such, defendant contends that it was reversible error for his trial counsel (different from appellate counsel) not to object to this stipulated testimony being read into evidence since it had the effect of improperly placing his character into evidence.

In the case sub judice, however, defendant elected to serve as his own lead counsel at trial in conjunction with appointed assistant counsel. The record reflects that he was present that day at trial when the stipulated testimony was read into evidence. He made no objection and therefore, may not now contend he was denied effective assistance of counsel. *Mullins v. Lavoie*, 249 Ga. 411, 412 (290 SE2d 472).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 16, 1984.

*H. Haywood Turner III*, for appellant.
*William J. Smith, District Attorney, Michael D. Reynolds, Assistant District Attorney*, for appellee.