### 73841. ANGLIN v. THE STATE.
(356 SE2d 564)

BIRDSONG, Chief Judge.

Johnny Anglin was convicted of burglary, possession of tools for commission of a burglary, and carrying a concealed weapon. He was

sentenced to 15 years for the burglary, 5 for possession of the burglary tools and 12 months for possession of the concealed weapon, all to be served concurrently. Anglin brings this appeal enumerating two asserted errors. *Held*:

1. In his second enumerated error, Anglin complains the evidence was not sufficient to support the verdict of guilty. We disagree. Evidence adduced by the State established that a silent alarm was activated at a grocery store. Police responded and the first two officers on the scene observed in the well-lit interior of the store a black male lifting boxes of merchandise above his head and passing the boxes through a window to an unseen person on the outside. That there was another person outside the store was manifested by the fact that the boxes were not being dropped to the outside. One officer went to the rear of the store to determine the point of entry and stop the intruder within from escaping from the rear. This officer cautiously peeked around the edge of the building and observed another black male sans shirt and dressed in blue jeans. This person was subsequently identified without equivocation as being the appellant Anglin. Anglin saw the officer at about the same moment. Anglin fled, being chased by the officer. Anglin and the first officer passed directly by the second officer who had remained at the front of the store. That officer also identified Anglin. Apparently prior to passing boxes out the window, the money box in the store had been rifled and $38 and some cents had been removed therefrom. When Anglin was captured and searched, wadded bills and change in his pants pocket disclosed $38 and some cents. In his back pants pocket, a large knife was found. Lastly in a box lying on the ground together with boxes of merchandise from the store, was found a crowbar and a pair of channel locks, a form of pliers. We have no hesitancy in concluding that the evidence presented to the jury was more than sufficient to convince a jury of rational persons of Anglin's guilt of all three charges beyond reasonable doubt. *Jackson v. Virginia*, 433 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. We are not so sanguine, however, in relation to the first enumeration of error. Anglin took the stand and testified in his own behalf. In his testimony, Anglin in effect offered evidence of a confession and avoidance. He testified that he was proceeding home from a party. As he passed the store, he heard a noise. He went to investigate and saw two unidentified persons standing near the store at a large accumulation of merchandise including cigarettes and toilet articles. When the two men saw him, they fled. Anglin decided to take some of the cigarettes and toilet articles. He advanced toward the merchandise and stepped upon a large knife. That seemed attractive to him so he picked it up and placed it in his rear pocket. He took off his shirt to form a receptacle to carry cigarettes. As he bent over to pick up

some of the cigarettes, he heard someone shout: "Freeze!" Becoming frightened, he fled. Thus Anglin admitted his presence at the scene and an intent to steal goods that he admitted were not his.

Based upon this testimony, Anglin requested charges upon "lesser included" offenses of theft by taking and attempted theft by taking. In effect, however, Anglin's counsel argued that Anglin did not participate in the burglary nor possess tools for that purpose but if guilty of any crimes, they were ones different and less serious than the burglary as charged. The trial court apparently considered Anglin's explanation as incredible or as not being raised by the evidence or as not being properly lesser included offenses. We cannot determine the express reason adopted by the trial court for its refusal to charge on the lesser degrees of the offense to the offense charged. In its brief before this court, the State simply argues that inasmuch as the greater offense was proved, it is never error to charge upon a lesser degree of the proved crime. See *Hambrick v. State*, 174 Ga. App. 444, 447 (2) (330 SE2d 383).

It is clear to us that Anglin by his sworn testimony raised an issuable defense to the burglary charge and the possession of the burglary tools. *Booker v. State*, 247 Ga. 74 (274 SE2d 334). While we, like the trial court or jury, might find such evidence incredible, issues of credibility are for the factfinder, the jury, not for the court as a matter of law. The failure to give the requested charges which in reality formed the basis of Anglin's sole defense, effectively removed this issue from the jury's determination. "An instruction which, while stating the nature of the charge or of the evidence against the accused, omits to charge the jury as to the defense set up by him is error, unless the defense upon which the accused relies is properly submitted to the jury in other parts of the charge. . . . Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will . . . do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial." *Cox v. State*, 137 Ga. App. 794, 795 (3) (224 SE2d 845), citing *Thompson v. State*, 16 Ga. App. 832, 833 (84 SE 591). Accordingly, Anglin is entitled to a new trial. *Bryan v. State*, 157 Ga. App. 635, 636 (3) (278 SE2d 177).

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 15, 1987.

*William C. Puckett, Jr.*, for appellant.
*Robert E. Wilson, District Attorney, Barbara B. Conroy, Gregory*

*A. Futch, Assistant District Attorneys*, for appellee.