75799. NEBBITT et al. v. THE STATE.
(370 SE2d 1)

BEASLEY, Judge.

Co-defendants Nebbitt and Fornlow appeal their convictions and sentences for burglary, OCGA § 16-7-1, and the denial of their motion for new trial.

Appellants and a third defendant, now deceased, were charged with the burglary of a used clothing store. On March 6, 1986, between approximately 6:30 p.m. and 9:00 p.m., the store was broken into and merchandise taken. Vinette, who lived in a building next to the store, left his apartment about 9:00 p.m. to get into his car and saw a man standing in front of the store. Vinette observed him walk back and forth and, while facing the inside of the building, make a signal which Vinette "took to be a signal for whoever it was inside the building to stay low." After Vinette came around to the driver's side of his car, he noticed a hole in the panel of the store's door.

Vinette returned to his apartment and telephoned the police. While on the phone, he opened his street-side window and observed the same man down on the street with two other men. Vinette de-

scribed the clothing of all three men to the police on the phone. After giving his name, address, and phone number to the police, Vinette went downstairs, opened the door, and followed the three men for about 75-100 yards until he flagged down a patrol car. While following the men, Vinette observed that "they were passing back and forth between them what appeared to be a bundle of clothing."

The three were arrested and found in possession of a coat and jewelry with store tags still on many items. Vinette could identify the men, by their clothing, as those he had seen in front of the store and had followed.

Defendants denied the burglary. They claimed that Nebbitt found the coat with the jewelry inside against a pillar under a nearby interstate bridge. Fornlow testified that no one else was under the bridge.

1. Appellants contend that their case rested solely on circumstantial evidence and that the evidence was insufficient to support their convictions because it did not exclude every other reasonable hypothesis save their guilt; therefore, as a matter of law, the jury could not find them guilty of the charged burglary beyond a reasonable doubt.

It is inaccurate to characterize the case as one resting solely on circumstantial evidence. Vinette was an eyewitness to the men's actions regarding the store, i.e., one signalling to someone inside the store and the three with a bundle outside the store shortly thereafter. Even though Vinette did not see the men's faces, he was able to positively identify them.

Even assuming appellants' characterization is appropriate, their evidentiary argument fails. " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' OCGA § 24-4-6. 'The term hypothesis as used refers to such reasonable inferences as are ordinarily drawn by men in the light of their experience in every day life.' [Cit.] Whether the circumstances are sufficient to exclude every reasonable hypothesis save [the accused's] guilt is generally a question for the jury's determination. [Cit.] However, the jury's finding may be disturbed when the verdict is unsupportable as a matter of law. [Cit.]

"Our review of the evidence is governed by the principle that it must be taken in a light most favorable to the verdict. [Cit.] On appeal, our review of the evidence is in the context of ascertaining whether the evidence supports the verdict, applying the *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), standard of proof. [Cits.]" *Lewis v. State*, 186 Ga. App. 349 (1) (367 SE2d 123) (1988).

Defendants were at the scene of the burglary during the time

that the crime was committed and acted in a manner consistent with the criminal act. Once they left the site of the store, they were in constant view of one witness or another except for a gap of two to four seconds. Two of the defendants were seen passing back and forth fruits of the burglary. Taking into account every reasonable inference drawable by the jury in reaching the verdicts, the jury could have found that the evidence excluded every reasonable hypothesis save the guilt of the defendants for the burglary. Id. The evidence was sufficient under *Jackson v. Virginia.* See *Wallis v. State*, 170 Ga. App. 354 (1) (317 SE2d 331) (1984).

2. Appellants contend that inasmuch as their case rested solely on circumstantial evidence, the trial court erred in refusing to give their request to charge number four which provided in pertinent part, "the defendant is not to be convicted on mere suspicion or conjecture. The State has not met its burden where reasonable minded jurors must resort to conjecture or where the evidence is equally consistent with a theory of guilt as with the theory of the defendant's innocence. If you must resort to conjecture or if the evidence is equally consistent with guilt or innocence, then I charge you that you must then return a verdict of not guilty for the defendant."

The requested instruction was substantially covered in the court's charge because the court instructed the jury about the presumption of innocence, the State's burden including the explanation that "reasonable doubt" was "not a vague or a conjectural doubt . . . nor a fanciful doubt . . . not an imaginary doubt . . . [nor] a possibility that the defendants may be innocent . . . ," and what was necessary to warrant a conviction on circumstantial evidence. It is not " 'necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. [Cit.]' [Cit.]" *Shirley v. State*, 245 Ga. 616, 619 (3) (266 SE2d 218) (1980).

3. Appellants further contend that the court erred in not charging their requests "on the lesser offenses of theft by taking and theft by receiving stolen property . . . thereby taking away . . . their sole defense" and that the failure to so charge was in direct contradiction to the holding in *Anglin v. State*, 182 Ga. App. 635 (356 SE2d 564) (1987).

First, "as a matter of fact or of law, theft by receiving is not a lesser included offense of burglary." *State v. Bolton*, 144 Ga. App. 797, 798 (1) (242 SE2d 378) (1978). As to the question of theft by taking, *Anglin* held that the failure to give requested charges which form the basis of a sole defense effectively removes the issue from the jury's determination and to that extent prejudices the defendant's right to a fair and impartial trial. But this case presents quite a different situation. The defense here was not that defendants unlawfully

took or, being in lawful possession, unlawfully appropriated the goods with the intention of depriving the owner of the goods so as to be theft by taking, OCGA § 16-8-2, but rather that defendants lawfully found the items. Therefore, if the jury believed defendants' claim, under the indictment for burglary and under the instructions of the court, it was a complete defense to the burglary.

4. Lastly, appellants maintain that the trial court erred in denying their motion for mistrial on the basis of allegedly improper closing argument by the State.

The objected-to statements were: "your decision is simple. Burglary is a very serious crime in our community. We live in this community. We have to work in this community. We have to play in this community, and this community is not going to be safe as long as people think that they can commit crimes like this and come into court and the jurors in Fulton County are going to find them not guilty and send them back out the door again."

"Appeals to convict for the safety of the community have been upheld. See *Minor v. State*, 143 Ga. App. 457 (2) (238 SE2d 582) (1977) and cits." *Whitaker v. State*, 246 Ga. 163, 167 (11) (269 SE2d 436) (1980). Moreover, the State " 'may argue to the jury the necessity for enforcement of the law and may impress on the jury, with considerable latitude in imagery and illustration, its responsibility in this regard.' [Cit.]" *Keys v. State*, 156 Ga. App. 553, 554 (275 SE2d 128) (1980).

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED MAY 4, 1988 —
REHEARING DENIED MAY 27, 1988.

*John A. Pickens*, for appellants.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.