### A94A2402. PEARSON v. THE STATE.
(454 SE2d 205)

RUFFIN, Judge.

Mick David Pearson was convicted of armed robbery. He appeals from the judgment of conviction and sentence and the denial of his motion for new trial, enumerating as error the denial of effective assistance of trial counsel.

The evidence showed that Pearson entered a Huddle House restaurant where he was previously employed. One of the waitresses recognized Pearson as a former employee. He ordered a cup of coffee and paid for it. Pearson then told another waitress that he had a gun in his coat pocket, and almost apologetically, he informed her that he was robbing the restaurant. The waitress thought he was joking, remarked that he was not wearing a coat and asked to see the gun. She testified that Pearson then said the gun was in his pants, and he lifted his shirt, revealing a black gun with a brown handle pushed down into his jeans. Both waitresses testified they saw the gun. Pearson then ordered one of the waitresses to place the money from the cash register in a bag. He took the bag and fled the restaurant. Testifying in his own behalf, Pearson admitted taking the money but denied having a gun.

At the hearing on Pearson's motion for new trial, Pearson's trial counsel testified that because Pearson insisted that he did not have a gun during the robbery, counsel attempted to negotiate a plea to robbery by intimidation on Pearson's behalf. When the prosecutor rejected the plea, counsel advised Pearson of his options of entering a plea or going to trial. Pearson opted to go to trial, admitting he committed a theft, but seeking a conviction on a lesser included offense. Counsel indicated several times during the hearing on the motion for new trial that Pearson's sole defense to the armed robbery charge was that he did not have a weapon. However, counsel failed to submit *any* requests to charge, on the lesser included offenses or any other aspect of the case. Counsel testified that he had defended hundreds of criminal prosecutions, yet when asked whether he knew a jury could not convict of a lesser included offense unless it is charged on the offense, he replied, "I don't know anything of the kind." Thus, the jury was not instructed to consider the lesser included offenses. On appeal, Pearson contends counsel's failure to request charges on the lesser included offenses of robbery by intimidation and theft by taking constituted ineffective assistance of counsel and caused him to forfeit his sole defense at trial.

"In order to show ineffective assistance of counsel, [Pearson] must show that counsel's actions fell below an objective standard of reasonableness and that, but for the alleged ineffective act, there is a reasonable probability that the result of the proceeding would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jowers v. State*, 260 Ga. 459 (396 SE2d 891) (1990)." *Lajara v. State*, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993). "[Pearson] must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. [Cit.]" *Roberts v. State*, 263 Ga. 807, 808 (2) (439 SE2d 911) (1994).

A charge on a lesser included offense is waived in the absence of a written request. *State v. Stonaker*, 236 Ga. 1, 2 (222 SE2d 354) (1976). Accord *Barner v. State*, 263 Ga. 365 (3) (434 SE2d 484) (1993). Counsel's admitted ignorance of this long standing principle and failure to request charges on the lesser included offenses was unreasonable and indefensible. Thus, Pearson satisfied the first showing required under *Strickland*. *Cochran v. State*, 262 Ga. 106 (2) (a) (414 SE2d 211) (1992). However, Pearson is not entitled to a new trial unless there is a reasonable probability that the outcome of his trial could have been different had counsel asked for the charges. The State argues that Pearson was not prejudiced by the omission of the charges because there was insufficient evidence to support them and there was overwhelming evidence of Pearson's guilt; therefore, the failure to give the charges did not contribute to the verdict.

"Where a case contains some evidence, no matter how slight, that shows that the defendant committed a lesser offense, then the court should charge the jury on that offense." *Edwards v. State*, 264 Ga. 131, 133 (442 SE2d 444) (1994). In *Edwards*, one of the defendant's defenses to the charge of armed robbery was that he was not armed. See id. at 132. The court held that a custodial statement introduced at trial, in which the defendant merely denied committing armed robbery, and certain circumstantial evidence were sufficient to require a charge on the lesser included offense of theft by taking, but the court declined to find reversible error in light of the overwhelming evidence against the defendant. Id. at 133.

In the instant case, evidence of a lesser included offense was Pearson's live testimony at trial that he did not use a weapon in the theft. Therefore, he was also entitled to a charge on the lesser included offense of theft by taking. Id. However, since this court does not weigh the credibility of witnesses, we cannot conclude that the failure to allow the jury to consider a lesser included offense was harmless error, particularly since Pearson's denial of using a weapon was his sole defense. "While we, like the trial court or jury, might find such evidence incredible, issues of credibility are for the factfinder, the jury, not for the court as a matter of law. The failure to give the

requested [charge] which in reality formed the basis of [Pearson's] sole defense, effectively removed this issue from the jury's determination. 'An instruction which, while stating the nature of the charge or of the evidence against the accused, omits to charge the jury as to the defense set up by him is error. . . . Where there is only one defense on which a party relies, failure to instruct the jury as to the evidence supporting this defense, so specifically that the jury will . . . do so intelligently, under pertinent rules of law and evidence, practically withdraws that defense, and to that extent prejudices the defendant's right to a fair and impartial trial.' [Cits.] Accordingly, [Pearson] is entitled to a new trial. [Cit.]" *Anglin v. State*, 182 Ga. App. 635, 637 (2) (356 SE2d 564) (1987).

There was no error in the failure to charge on robbery by intimidation, though a lesser included offense, since the evidence either demonstrated completion of that crime, if the jury rejected Pearson's testimony (*Smith v. State*, 228 Ga. 293 (1) (185 SE2d 381) (1971)), or lacked proof of intimidation, if the jury believed Pearson, since there was no other evidence of intimidation. Cf. *Studdard v. State*, 185 Ga. App. 319 (1) (363 SE2d 837) (1987).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 16, 1995.

*Wolfe & Steel, Brian E. Steel, Shandor Badaruddin,* for appellant.

*Thomas J. Charron, District Attorney, Beth T. Golub, Irvan A. Pearlberg, Assistant District Attorneys,* for appellee.