A95A2510. HUBBARD v. THE STATE.
(469 SE2d 866)

BEASLEY, Chief Judge.

Enoch Hubbard appeals his conviction of burglary (OCGA § 16-7-1).

1. Hubbard contends that the trial court erred in failing to charge the jury on identification, his sole defense at trial, despite the absence of a request.

"Generally, where no written request for a jury charge has been filed, the failure to give that charge is not error. [Cit.] . . . However, failure to charge the sole defense, even without a request, constitutes reversible error. [Cit.]" *Animashaun v. State*, 207 Ga. App. 156, 159-160 (2) (427 SE2d 532) (1993). In this case, the failure to give an unrequested and still unspecified charge on identification was not "a substantial error in the charge which was harmful as a matter of law." OCGA § 5-5-24 (c).

Defendant did not think enough of such a charge to request it in advance or to complain of its absence after the trial was concluded or to file a motion for new trial because of it. On appeal he does not set out precisely what the court should have charged but makes a reference to certain factors he says the court should have advised the jury it "may consider" in assessing reliability of the victim's identification. He cites no authority to support reversal of the conviction in the absence of such a recitation of suggestions. While such a charge may be

helpful to the jury in guiding its deliberation on the question of identification, as recognized by inclusion of a charge on identification in the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, 2d ed., p. 39, it is not required as a matter of law. *Micheli v. State,* 222 Ga. 361 (149 SE2d 803) (1966).

The court thoroughly charged the jury on the elements of the crime, on the presumption of innocence, on the State's burden to prove that *he* committed the burglary "beyond a reasonable doubt," that each element of the crime had to be so proved, and that the defendant had no burden to prove innocence. The court explained the meaning of "reasonable doubt" and charged the jury that it had to determine credibility and resolve conflicting evidence. Identity being an issue, these charges patently related to it. This was sufficient, according to *Micheli.*

In *Young v. State,* 226 Ga. 553, 557 (7) (176 SE2d 52) (1970), the Supreme Court held that it was not error to refuse to give certain charges on identity even though requested. Here, defendant did not even request a charge. Defendant Young's evidence was that he was not the person who committed the crime. Aside from technical defenses relating to the wording of the indictment and the ownership of the money taken in the robbery, no defense other than misidentification is referenced in Young's case. It not being reversible error in that case even when requested, it is less so here.

The victim positively identified defendant as the perpetrator in court and at a lineup at the jail, and he was "fairly sure" he was the fourth person in the photo spread shown to him earlier, but he was "not a hundred percent sure." At that time he told the officer he needed to see the person live before he could positively identify him. Hubbard was that fourth person.

The victim had ample opportunity to observe the thief in the midst of the crime's perpetration. It occurred in daylight, about 11:30-11:45 a.m., and they came face to face in a bedroom of the home. There were no curtains on the windows and a light was on in the closet. They stared at one another "straight in the face" about half a minute and the victim asked, "What in the h--- are you doing here?" The intruder responded, "I'm leaving, Mister." The victim was three and one-half to four feet from him and could have touched him if the victim's arms were not full of clothes. He chased the perpetrator, who faced him three or four times until he disappeared into the woods.

Considering the entire charge, the absence of a request, and the evidence which defendant challenged and sifted by cross-examination over against his own statement that he was not the thief, the absence of a list of factors which the jury could consider on the issue of identification was not harmful as a matter of law such that Hubbard was

"deprived of his right to a fair trial," as was the case in *Phelps v. State*, 192 Ga. App. 193 (1) (384 SE2d 260) (1989). There the trial court did not instruct the jury on the definition of the elements of the crime charged. The failure to give Hubbard's jury the unrequested charge did not deprive it of "the proper guidelines for determining guilt or innocence." *Hardin v. State*, 141 Ga. App. 115, 116 (2) (232 SE2d 631) (1977).

2. Error was also assigned to the following portion of the court's charge on similar transaction evidence: "If you believe [the similar transaction] has been proven, however, you are strictly limited to your consideration of the evidence as to the state of mind — to the state of mind of the element of the *defense* charged in the indictment." (Emphasis supplied.) It appears that this misstatement was a slip of the tongue, which, viewed in the context of the entire charge, was harmless. See generally *Rodriguez v. State*, 211 Ga. App. 256 (3) (439 SE2d 510) (1993).

*Judgment affirmed. McMurray, P. J., Pope, P. J., Andrews and Johnson, JJ., concur. Birdsong, P. J., Blackburn, Smith and Ruffin, JJ., dissent.*

RUFFIN, Judge, dissenting.

I must respectfully dissent because it is well settled in this state that a trial judge must charge a defendant's sole defense, *even if no request is made*, and failure to do so constitutes reversible error. The majority's holding stands in direct conflict with an unbroken line of case law pre-dating this court's decision in *Glaze v. State*, 2 Ga. App. 704 (58 SE 1126) (1907). In *Glaze*, the court set forth the principles which have guided Georgia courts for nearly 90 years as follows: "It seems to have been uniformly held by the Supreme Court that the omission to submit the controlling issue in the case to the jury was such an error as demanded the grant of a new trial. And such issue must be submitted with such appropriate instructions as will not only call the attention of the jury to the existence of the issue, but the charge of the court must contain such clear, apt, and definite exposition of the specific principles of law applicable to the case as will enable the jury to deal with the real issue in the case and properly decide it. And this is true whether a specific request be made or not. Where there is only *one* defense on which a party relies, to fail to instruct the jury as to this defense so specifically that the jury will be not only required to pass upon it, but will be able to do so intelligently under pertinent rules of law and evidence, virtually withdraws that defense, and is, in effect, to direct a verdict." Id. at 708-709. See also *Pearson v. State*, 216 Ga. App. 333 (454 SE2d 205) (1995); *Animashaun v. State*, 207 Ga. App. 156 (2) (427 SE2d 532) (1993); *Wells v. State*, 200 Ga. App. 104 (1) (407 SE2d 86) (1991); *Anglin v.*

*State*, 182 Ga. App. 635 (2) (356 SE2d 564) (1987). The majority's reliance on *Young v. State*, 226 Ga. 553 (176 SE2d 52) (1970), and *Micheli v. State*, 222 Ga. 361 (149 SE2d 803) (1966), is misplaced because there is no indication in either case that identity was the sole defense. And, we cannot assume that because no other defense was mentioned in those opinions that identity was the sole defense in either case.

Identification was Hubbard's sole defense. Although he did not submit a charge thereon, he reserved his right to object to the court's charge prior to the jury's deliberations. In any event, we must "consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." OCGA § 5-5-24 (c).

While the evidence, viewed in a light to support the verdict, showed that the victim and the perpetrator stood face-to-face for several seconds, the record also revealed that the victim was unable to positively identify Hubbard in the initial photographic lineup. The court charged the jury on credibility and reasonable doubt, but neither of these individual charges nor the charge in its entirety adequately covered the law pertaining to identification as set forth in the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, 2d ed., p. 39. Hubbard correctly points out in his brief that there are several factors which the jury *may* consider in assessing the reliability of an identification. These factors are set forth in the Suggested Pattern Jury Instructions as follows: the opportunity of the witness to view the alleged perpetrator at the time of the alleged incident; the witness' degree of attention toward the alleged perpetrator at the time of the alleged incident; the level of certainty shown by the witness about his identification; the possibility of mistaken identity; whether the witness' identification may have been influenced by factors other than the view the witness claimed to have; and whether the witness, on any prior occasion, did not identify the defendant as the alleged perpetrator.

The trial court's omission was harmful as a matter of law, requiring the reversal of Hubbard's conviction and a new trial. *Conner v. State*, 160 Ga. App. 202 (6) (286 SE2d 441) (1981); *Anglin*, supra. We may intellectualize away the error, but the harm remains. I dissent.

I am authorized to state that Presiding Judge Birdsong, Judge Blackburn and Judge Smith join in this dissent.

DECIDED MARCH 14, 1996.

*Lane & Crowe, Robert L. Crowe, Clyde M. Urquhart*, for appellant.

*Glenn Thomas, Jr., District Attorney, George C. Turner, Jr., Assistant District Attorney*, for appellee.