A98A0264. CLAY v. THE STATE.
(503 SE2d 560)

BIRDSONG, Presiding Judge.

Sandy Clay appeals his conviction for armed robbery. Clay contends he was denied the effective assistance of counsel because trial counsel failed to file a motion to suppress an eyewitness identification and to object to an in-court identification, failed to call witnesses necessary to his defense, and failed to request jury instructions on identification. Clay further asserts the trial court erred in not charging the jury on his sole defense of misidentification. We affirm.

On June 3, 1996, an unidentified man entered the Hot Spot convenience store in Monroe and announced he was going to rob the store. He then produced a knife. The robber reached over the counter, held the knife about one foot from the store manager's upper body, and demanded "all the greens." The manager later determined $226 had been stolen. She described the robber as a black male, short, and with a husky build. After obtaining the currency, the robber fled the store and 911 was called. Across the street from the Hot Spot, Mary Robinson was sitting in her front yard and witnessed a man enter and then exit the store moments later. Robinson then saw the manager come out of the store and exclaim that she had been robbed. Robinson described the assailant as "[h]e wasn't tall and he wasn't short" and "[s]ort of stocky, sort of heavy."

Sometime later, Sergeant Neal Hutchins of the Monroe Police Department apprehended an individual fitting the description of the man who robbed Hot Spot. Hutchins immediately transported the individual back to Hot Spot where he was identified by the store manager and Mary Robinson. The man identified was appellant Clay. *Held*:

1. In his first enumeration of error, Clay claims he was denied the effective assistance of counsel. We disagree. In order to prevail on a claim of ineffective assistance of counsel, appellant must show both that counsel's performance was deficient and, but for the deficiency, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984); *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443). Furthermore, there is a strong presumption that trial counsel's performance " 'falls within the wide range of reasonable professional assistance,' and that any challenged action by trial counsel ' "might be considered sound trial strategy." ' Id. at 689." Id. at 121. Moreover, a trial court's finding that a defendant has been provided effective assistance of counsel will not be reversed unless it is clearly erroneous. *Harris v. State*, 198 Ga. App. 503 (402 SE2d 62).

(a) Clay asserts that his trial counsel was ineffective because counsel did not file a motion to suppress an on the scene show-up identification and subsequent in-court identification. At the hearing on the motion for new trial, trial counsel testified that his strategy was to "shake the identity or testimony from the witnesses." He also testified that in his opinion, there was no basis to object to the in-court identification. Here, it is clear that trial counsel made a strategic choice not to attempt to suppress the identification evidence, but instead to attack the identification testimony on cross-examination. Since counsel's performance might be considered sound trial strategy, Clay's claim is without merit.

(b) Clay also asserts his trial counsel was ineffective because counsel did not call necessary witnesses. Clay maintains his banker, as well as his mother, would have testified how $225 might have been on his person at the time of his arrest. He also maintains that his brother would have testified that he dropped appellant off at the bus station earlier in the day, thus explaining appellant's purpose for being in Monroe. What witnesses to call is within the province of the trial attorney, after consultation with his client. *Van Alstine v. State*, 263 Ga. 1 (426 SE2d 360). Trial counsel testified that any testimony from these witnesses would be cumulative of appellant's testimony and that counsel and appellant thought it would be best to preserve the last word in closing argument. Accordingly, we find Clay was not denied the effective assistance of counsel based upon a failure to call necessary witnesses.

(c) Finally, Clay contends his trial counsel was ineffective in failing to request jury instructions on identification. Clay cites no law in support of his position. Furthermore, even assuming counsel's assistance was deficient in failing to request jury instructions on identification, Clay's contention does not satisfy the second prong of *Strickland*; that the outcome of the trial would have been different had the instruction been given. The trial court thoroughly instructed the jury on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, impeachment of witnesses and prior inconsistent statements, conflicting testimony, and direct and circumstantial evidence. Given the trial court's jury instructions and the overwhelming evidence of guilt, we find there is not a reasonable probability that the jury would have reached a different verdict, absent the error of counsel. *Stanley v. State*, 222 Ga. App. 750 (476 SE2d 58).

2. In his final enumeration of error, Clay maintains the trial court erred in failing to charge the jury on his "sole defense" of misidentification in the absence of a request from trial counsel. "Generally, where no written request for a jury charge has been filed, the failure to give that charge is not error. . . . However, failure to charge the sole defense, even without a request, constitutes reversible error." *Animashaun v. State*, 207 Ga. App. 156, 159-160 (2) (427 SE2d 532). Here, the failure of the trial court to give an unrequested charge on identification was not "a substantial error in the charge which was harmful as a matter of law." OCGA § 5-5-24 (c). Clay did not request such a charge nor object when the trial court inquired as to whether there were any objections to the proposed charges.

"While such a charge may be helpful to the jury in guiding its deliberation on the question of identification, as recognized by inclusion of a charge on identification in the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, 2d ed., p. 39, it is not required as a matter of law." *Hubbard v. State*, 220 Ga. App. 678, 679 (469 SE2d 866); *Micheli v. State*, 222 Ga. 361 (149 SE2d 803). As noted in Division 1 (c), the trial court thoroughly instructed the jury. Accordingly, the issue being identity, "these charges patently related to it." *Hubbard* at 679. " '[T]here is no requirement of our law that a trial judge warn the jury against the possible dangers of mistaken identification of an accused as the person committing a crime. [Cit.]' *Young v. State*, 226 Ga. 553, 557 (7) (176 SE2d 52) (1970)." *Weems v. State*, 268 Ga. 515, 517 (491 SE2d 325). When a trial court has charged the jury fully on the presumption of innocence, reasonable doubt, burden of proof, credibility of witnesses, and impeachment of witnesses, it is not error to fail to charge the jury, sua sponte, on identification. *Micheli v. State*, supra; *Young v. State*, supra; *Hubbard v. State*, supra. The general principles of law underlying Clay's defense hav-

ing been charged, it cannot be said that the jury was not instructed on his sole defense.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1998.

*Joseph S. Rhymer*, for appellant.
*Alan A. Cook, District Attorney*, for appellee.